## In re CARRIER.

### (District Court, D. Colorado. August 25, 1893.)

EXTRADITION—INTERNATIONAL—BAIL PENDING HEARING.

In international extradition proceedings, the accused cannot be admitted to bail during a continuance of a hearing to obtain further testimony concerning his probable guilt, as neither act of August 12, 1848, (9 Stat. 302,) relating to extradition, nor the amendatory acts, provide for bail pending a hearing.

Petition by Leon M. Carrier for a writ of habeas corpus. Denied.

Joseph W. Taylor and A. M. Stevenson, for petitioner.

Henry B. Johnson, Dist. Atty., and Thomas Ward, Jr., for respondent.

HALLETT, District Judge. Petitioner is charged with larceny in the dominion of Canada before a commissioner of the circuit court, under the treaty of 1842 with Great Britain, and title 66 of the Revised Statutes, relating to extradition. The commissioner has continued the hearing for some days with a view to obtain

further testimony, and he has refused to admit the petitioner to bail during the time of such continuance. The matter for consideration upon the petition is whether the accused is entitled to be enlarged on bail under the circumstances. Obviously, a proceeding in extradition under the treaty and the act of congress of 1848, (9 Stat. 302,) with a view to determine the probable guilt of the accused before executing the terms of the treaty, is quite aside from the general course of criminal procedure. It is not a question whether larceny is a crime bailable at common law, or by our law, or by the law of Canada. The proceeding stands upon the statute only, and it is believed that no departure can be made from the statute in any substantial matter. It is said that in matters not mentioned in the statute the practice should be according to the course of our law. The matter of admitting to bail is not a question of practice. Since the time of Edward I. it has been regulated by statute; and, in our day, bail is not allowed in any case except in pursuance of some statute.

It was said by counsel for petitioner that there is nothing in the act of 1848 to forbid the allowance of bail pending a hearing. But this is not enough; the authority should be expressed in the act itself. It provides that, if the charge be sustained at the hearing, "it shall be the duty of the said judge or commissioner to issue his warrant for the commitment of the person so charged to the proper gaol, there to remain until such surrender shall be made;" so that, in so far as there is in the act any expression on the subject, bail is denied. It is significant that in the earlier act of 1789, (1 Stat. 91,) relating to the arrest of persons in one federal district who may be charged with crime in another district, there is ample provision for taking bail, and therefore it cannot be said the subject was overlooked in the act of 1848. In 1882 the act of 1848 was considerably amended in respect to the manner of getting testimony and some other matters, but the subject of bail was not touched upon, (22 Stat. 215.) This last act further shows the intention of congress to regulate all proceedings in extradition by special act, leaving nothing of substance to be borrowed from the general course of criminal procedure. Inasmuch as there is not in the act of 1848 or in any of the amendatory acts any provision for bail pending a hearing, under those acts the decision of the commissioner seems to have been correct, and the writ will be refused.