THE STATE OF FLORIDA, *ex rel.* JAMES GALLAT, *Plaintiff in Error,* v. LOUIS A. ALLEN, SHERIFF OF DADE COUNTY, FLORIDA, *Defendant in Error.*

### Opinion Filed July 29, 1921.

1. A person who has been remanded to custody in *habeas corpus* proceedings is entitled to a *supersedeas,* upon suing out a writ of error.

2. From the moment that a sheriff or other officer receives a writ of *habeas corpus,* the prisoner is held under that writ and not under the writ of capias or commitment.

3. Upon the return of the writ of *habeas corpus* and the production of the body of the prisoner, the authority under the original commitment is superseded, and from that time and until the case is finally disposed of, the safe keeping of the prisoner is entirely under the control and direction of the court to which the return is made.

4. When a *supersedeas* is granted pending the determination of a writ of error in a *habeas corpus* proceeding, the prisoner must be released from custody upon his complying with the terms and conditions of the *supersedeas* order.

5. Upon the affirmance on writ of error of an order remanding a prisoner to custody in a *habeas corpus* proceeding, the prisoner is no longer under the writ of *habeas corpus,* but he will be remanded to the custody of the proper officer to be held under the capias or commitment issued prior to the issuance of the writ of *habeas corpus.*

Application for supersedeas order;

Application granted.

*Riley & Trammell,* for Plaintiff in Error.

BROWNE, C. J.—This is an application to grant a supersedeas to James Gallat, who has sued out writ of error to this Court to review the order of the Circuit Judge overruling the demurrer to the sheriff's return to a writ of *habeas corpus,* dismissing the writ and remanding the petitioner.

The defendant was being held by virtue of a capias issued out of the Criminal Court of Record in and for Dade County, on an information charging him with having in his possession, custody and control forty quarts of intoxicating and spirituous liquor. A writ of *habeas corpus* was sued out before the Hon. H. Pierre Branning who overruled a demurrer to the sheriff's return to the writ and remanded the prisoner.

Application was at once made to the Circuit Judge for writ of error to the Supreme Court, and praying also that "pending hearing of said writ of error that this Court will fix a supersedeas bond for the appearance of this petitioner to abide the judgment of this Court and the judgment of the Appellate Court in the premises." The Court granted writ of error returnable on the 30th of July, 1921, but refused to fix a bond in order that the writ of error should operate as a supersedeas.

The case is not ready for consideration on its merits and the only questions before us are the propriety of granting the application for a supersedeas, and its effect when granted.

The statute relating to writs of error in *habeas corpus,* is as follows: "The judge hearing the cause, or a justice of the Supreme Court, shall grant to any party or person aggrieved by the judgment, including the State of Florida, or any political sub-division thereof, or any officer of the

State of Florida, or any county or municipality in said State, or any person, a writ of error returnable to the next term of the Supreme Court, or to the court in term, if the writ is applied for during the session of the court, which writ shall be heard and determined as other cases; and the trial of such writs of error shall have preference in the Supreme Court over all other cases, and from the review of judgments and orders discharging persons from custody or arrest upon any criminal charge, as well as order committing or remanding any such person to custody; *Provided, however,* That no such writ of error shall operate as a supersedeas in any criminal case to an order or judgment discharging persons from custody." Sec. 3580 Rev. Gen. Stats. 1920. Prior to this enactment the State was not entitled to a writ of error in a *habeas corpus* proceeding, (Gagnet v. Reese, 20 Fla. 438), but the right to a writ of error of a person remanded to custody, existed prior to and independently of this statute. *Ex parte* Edwards, 11 Fla. 174.

This statute now confers this right to the State, but expressly denies to the State the right to a supersedeas on writ of error from the order or judgment of a court discharging a person from custody. This express denial to the State of the right to a supersedeas, does not deny such a right to the prisoner, but on the contrary, the segregation of a person or class, from all others, and the denial of a right to them, necessarily carries with it the assertion of the right in all to whom it is not denied. There is no doubt that a person who has been remanded to custody is entitled to a supersedeas.

The question next arises, what will be the effect of such a supersedeas? If, when the prisoner is remanded to the custody of the sheriff, he is, thereafter, held under the

writ of capias issued before the service of the writ of
*habeas corpus,* a supersedeas to the order remanding him
would not have the effect of discharging him from custody
pending the determination of the writ of error.  But if
when remanded and a writ of error is sued out, the sheriff
or other person, into whose custody the court places him,
holds him by virtue of the writ of *habeas corpus,* and not
by virtue of the capias, then upon the granting of the
supersedeas order, and compliance with the terms and
conditions upon which it is granted, the prisoner will be
discharged pending the final disposition of his case.

To dispose of this case properly we must consider this
ancient writ, and what effect it has upon a person held in
custody, and its effect with regard to the writ or warrant
under which he was held prior to the service of the writ
of *habeas corpus.*

In a well considered case on this subject the Court said:
"Taking some samples of many (under the maxim, *ex uno
disces omnes*), the writ of *habeas corpus* has been fondly
termed by eminent persons who used no words lightly,
'The dearest birthright of Britons,' 'The great bulwark
of personal liberty,' 'The greatest writ of the common
law,' 'The great writ of right.'  It would be of consequence
both deep, wide and pernicious to abate by one jot or tittle
the sanctity or power of the ancient office of that writ;
for a mere reference thereto brings a proud smile to every
student of the history of jurisprudence; and it is seemly
for those who attend as priests at the altar of justice to
well see to it that the flame of the lamp of personal liberty
is kept alive, well trimmed and brightly burning.  Says
Justice Miller in *Ex parte* Lange, 18 Wall. 163, 21 U. S.
(L. Ed.) 872: 'There is no more sacred duty of a court
than, in a case properly before it, to maintain unimpaired

those securities for the personal rights of the individual which have received for ages the sanction of the jurist and the statesman; and in such cases no narrow or illiberal construction should be given to the words of the fundamental law in which they are embodied.' '' State *ex rel.* Evans v. Broaddus, 245 Mo. 123, 149 S. W. Rep. 473, 31 Ann. Cas. 823.

We quote further from that opinion: '' 'The authority of all other writs must yield to the authority of the writ of *habeas corpus.'* (Church, Hab. Cor. (2 Ed. p. 139). Indeed, (at least, in times of peace) every human power must give way to it and no prison door is stout enough to stand in its way. (*Ex parte* Creasy, 243 Mo. 679, 148 S. W. 914, 41 L. R. A. (N. S.) 478; *Ex parte* Jilz, 64 Mo. 1. C. 218, 27 Am. Rep. 218). The studied eulogies paid this writ would be 'as sounding brass or a tinkling cymbal' if their significance is to be brushed aside when brought to the test in a concrete case.'' Following this, the Court forcibly laid down the rule that from the moment the sheriff received the writ of *habeas corpus* that he holds the prisoner under that writ and not under the writ of capias or commitment. ''The premises considered, it results that when the writ of *habeas corpus* issues, the officer holds his prisoner *under that writ and no other. The original cause of commitment is suspended.* 'Therefore, from the moment the sheriff receives such writ, the custody of the prisoner will be by virtue thereof, and not under any other writ he may have previously received.' (Matson v. Swanson, 131 Ill. 255, 23 N. E. 595.) Agreeable to that doctrine is the reasoning of other cases and authorities cited by relator, *ex gr.: In re* Kaine, 14 How. 103, 14 U. S. (L. Ed.) 345; Barth v. Clise, 12 Wall. 401, 20 U. S. (L. Ed.) 393; 2

Story's Const. (5 Ed.), Sec. 1339; State v. Sparks, 27 Tex. 705." State *ex rel.* Evans v. Broaddus, *supra.*

In the case of Barth v. Clise, 12 Wall. (U. S.) 400, the Supreme Court of the United States, said: "By the common law, upon the return of a writ of *habeas corpus* and the production of the body of the party suing it out, the authority, under which the original commitment took place, is superseded. *After that time and until the case is finally disposed of,* the safe-keeping of the prisoner is entirely under the control and direction of the court to which the return is made. The prisoner is detained, *not under the original commitment, but under the authority of the writ of habeas corpus."* (The italics are ours).

The *habeas corpus* case under consideration is still pending. It is now in this court on writ of error. "Until it is finally disposed of," the prisoner is being held under the writ of *habeas corpus,* and the commitment or capias under which he was held prior to the service of the writ of *habeas corpus* on the sheriff, is suspended and must remain so until the case is finally disposed of in this Court.

It follows, therefore, that if a supersedeas is granted by this Court, pending the determination of his writ of error, that the prisoner must be released from custody upon his complying with the terms and conditions of the order of supersedeas, which will be fixed by the Circuit Judge.

This provision of the law enables the Circuit Judge to secure the presence of the petitioner to abide by the final decision of this Court, by fixing the amount of the bond at such an amount as the nature of the offense requires.

Should this Court affirm the ordere of the Circuit Judge, the effect and purpose of the writ of *habeas corpus* would

have been fulfilled, and the prisoner would no longer be held under that writ, but would be remanded to the custody of the proper officer to be held under the capias issued prior to the issuance of the writ of *habeas corpus*.

The application for an order of supersedeas is granted.

TAYLOR AND WHITFIELD, J. J., concur.

ELLIS AND WEST, J. J., dissent.

ELLIS, J., Dissenting.—I think that if a supersedeas if grantable at all has the effect merely to displace the order remanding the petitioner to the custody of the sheriff under the authority under which the latter originally held the petitioner, so that after the supersedeas is granted no proceeding can follow upon the original warrant, information or indictment until the supersedeas is removed.

The prisoner remains in such case in the custody of the Court under the writ of *habeas corpus*. If he has given a bond not to escape by the way, that bond remains in force. If he has given no such bond and does escape while the *habeas corpus* proceedings are pending the escape is not an escape from the sheriff and the latter is not liable on his bond for negligent omission to safely keep his prisoner. Under the common law the court issuing a writ of *habeas corpus* could require the petitioner to give a bond not to escape by the way, that is during the *habeas corpus* investigation, so it is claimed, although if such proposition is true, it is easily conceivable that in some cases the petitioner's right to a writ might depend upon his ability to give a bond not to escape by the way. But whatever may be the common law upon the subject a writ of error in *habeas*

*corpus* proceedings was not allowable at the common law. The right exists in this State by virtue of a special statute authorizing it and that statute makes no provision for a supersedeas bond in such cases. Whence then is the authority for the Court's order that a bond shall be given and the writ of error shall operate as a supersedeas? It does not exist.

The argument that the judge issuing the writ of *habeas corpus* may require the petitioner to enter into a bond for his appearance to answer the charge under which he is held by the sheriff rests upon the argument *ad convenientum,* but upon no authority existing either at common law or under a statute, because such a bond would be an appearance bond not a supersedeas bond, and the statute requires the condition of the appearance bond to fix the date upon which the defendant in the criminal proceedings shall appear to answer the charge against him, but a *habeas corpus* proceeding is civil in its character. The temptation for a court to make law in some cases may be strong but it is seldom if ever justified under our system of government.

In a *habeas corpus* proceeding where the Court has remanded the petitioner to the custody of the person holding him, and he takes a writ of error under our statute, he does it for the purpose of obtaining a release from the custody of the sheriff or person holding him because the only possible question presented is one of law, namely, the legality of his imprisonment not any question of fact as to guilt or innocence. If the Appellate Court holds that the order of remand was erroneous then the only other order to enter is discharge. So a writ of error in a *habeas corpus* case taken by the petitioner who has been remanded, is in effect nothing more nor less than an application for a writ of *habeas corpus*. If the petitioner is not in custody the writ

will not issue. So if he is under bond for his appearance the writ will not issue. If, therefore, a supersedeas has the effect of releasing the petitioner from custody the reason for and purpose of the appeal or writ of error does not exist. It therefore follows that the discharge of the petitioner on a bond whether for a supersedeas or for his appearance, will operate as a dismissal of the writ of error because the question becomes a moot one.

WEST, J., concurs.