PER CURIAM.
The appellee has filed a motion under rule 5.10, Florida Appellate Rules, 31 F. S.A., seeking to overrule and discharge an order of the circuit court for release on bond, of a petitioner in habeas corpus, pending his appeal to this court from an order of remand.
In an interstate extradition proceeding involving one Robert Tomarchin, an extradition warrant had been issued by the Governor of Florida. The habeas corpus action followed in the circuit court in Dade County.
The state contends here that the circuit judge erred in granting bail to the appellant Tomarchin, and relies on State ex rel. Stringer v. Quigg, 91 Fla. 197, 107 So. 409, and Llerandi v. Blackburn, Fla. 1957, 97 So.2d 247.
In the Blackburn case the Supreme Court said (97 So.2d at page 249):
“ * * * In State ex rel. Stringer v. Quigg, 91 Fla. 197, 107 So. 409, we determined this point in accordance with the contention of the State and held that generally bail may not be given for a prisoner held under a warrant of rendition. We have consistently followed the Stringer case. * * * ”
Appellant argues that because the Supreme Court in the Blackburn case referred to the Quigg case as holding that bail may not be allowed generally after a rendition warrant, it is within the discretion of the court to enlarge a fugitive to bail after warrant has issued for his extradition. The law, as stated by the Supreme Court in the Quigg case, is not subject to such a loose interpretation. It was held in the Quigg case that the constitutional provisions and statutes of the asylum state relating to bail do not control when the prisoner is held under an executive rendition warrant for extradition, to which the federal constitution and statutes then apply; that the fugitive involved is not *789 being held for trial in this state, but for the sole purpose of rendition to the demanding state for trial there; and his right to -bail is preserved to him in the demanding state. The Supreme Court held further in the Quigg case that the power to deal with the custody of the fugitive, after executive warrant was issued [91 Fla. 197, 107 So. 413], “is derived, not from jurisdiction incidental to the extradition proceedings under existing federal laws, but from the inherent power and duty of all courts to regulate and control the use of its own process in all cases not otherwise regulated by applicable and controlling law. Such a power, in connection with writs of habeas corpus sued out in extradition proceedings after issuance of the executive warrant, would be exercised very rarely, and only in the most extreme cases, such, for example, as In re Mitchell (D.C.), 171 F. 289, and when exerted could be effectually exercised by regulating the form and manner of custody of the prisoner, as distinguished from releasing him from custody on bail.”
It will be noted that even in the rare instances and extreme cases in which the court in a habeas corpus action may “deal with the custody of the fugitive, after executive warrant has issued,” the reference is to “regulating the form and manner of custody of the prisoner, as distinguished from releasing him from custody on bail.” [Emphasis Supplied] The expression of that view by the Supreme Court in the Quigg case is followed directly by a clear holding in that case that after the executive warrant has issued, the fugitive should not be enlarged on bail, either incident to a habeas corpus proceeding or pending an appeal therefrom, when the Court said (107 So. at page 413) :
“It therefore follows that after issuance of the executive warrant, a fugitive should not be enlarged upon bail either pending a final hearing by the court or judge before whom the writ of habeas corpus is returnable, or pending the determination of a writ of error in an appellate court. From and after the service of the writ of habeas corpus, the prisoner should be retained in custody by the court pending either a final hearing upon the writ of habeas corpus in the court of original jurisdiction, or pending the determination of a writ of error. The form and manner of such custody is usually for determination of the court or judge before whom the writ of habeas corpus is returnable until issuance of the writ of error, after which it is a matter within the control of the appellate court, but enlargement upon bond, however secure or coercive that undertaking may be, does not detain the fugitive in the custody of the court.”
Moreover, after allowance and the filing of an appeal from the order of remand of the circuit court in the habeas corpus action, when the executive warrant has issued, that court no longer has control of the custody of the prisoner. As was said in the Quigg case in this connection (107 So. at page 414), “The writ of error, when perfected [under present rules that would be the appeal, when filed] operates to transfer the cause to the appellate court. The writ of habeas corpus is therefore still pending, being before the appellate court on writ of error. Its effect as the sole process under which the prisoner is held continues, and the custody of the prisoner passes to the control and direction of the appellate court as a necessary incident to its jurisdiction of the cause on writ of error.”
The record of this case presents no basis to depart.from the strict and necessitous rule of law against enlarging a fugitive on bail, pending an appeal from his unsuccessful habeas corpus action, after an executive warrant in interstate extradition has been issued.
The appellant contends that the state waived objection to his release on bail, stating that his request for bail pending *790 appeal was not objected to, and, in effect, was consented to by the respondent as then represented before the court by the state attorney’s office. But no record was made of that part of the hearing-, and the record here makes no such showing.[1] Moreover, because the requirement for retaining the fugitive in custody after executive warrant has issued is bottomed on provisions of federal as well as state laws relating to extraditions, there is serious doubt that the requirement could be done away with simply by consent of the state attorney.[2] We refrain from deciding that point, as the record here does not require it.
The appellant advances the further contention that for the fugitive to remain in custody pending this appeal would be inconvenient and harmful to a monkey, the alleged theft of which by him in the demanding state was the basis for the charge there for which his extradition was sought, asserting that the monkey needs his care. The law does not contemplate and would not sanction enlargement of a fugitive on bail for such a reason after executive warrant has issued. As stated above, the fugitive would be entitled to the benefit of bail as provided by law in the demanding state, if the rendition warrant is carried out and he is returned there. Remaining in the asylum state for the period necessary for an appeal is the fugitive’s choice, and in weighing the advisability of such choice the fugitive must consider that his appeal here and the circumstances of his custody pending that appeal will be subject to the federal laws and the laws of this state made and provided in such instances, and not in disobedience or in contravention thereof. Inconvenience to the fugitive resulting from the need for his confinement after executive warrant issued, can be lessened by prompt disposal of his appeal, which under § 79.11, Fla.Stat., F.S.A., is a type of appeal required to be heard by the appellate court in advance of other matters. A separate order will be made advancing the appeal in this case, fixing the times for filing briefs and for the argument.
We hold therefore, that the learned circuit judge was in error in ordering that the appellant could be released on bail pending his appeal, and the said bail order is hereby reversed.
It is so ordered.
HORTON, C. J., and PEARSON and CARROLL, CHAS., JJ., concur.

. Under rule 1.5(d), Florida Rules of Civil Procedure, 80 F.S.A., an agreement or consent of counsel, to be binding in the cause is required to be in writing and subscribed, or if made orally before the court, it is effective only “if promptly made a part of the record, or incorporated in the stenographic notes of the proceedings.”

. Compare the provisions of the Uniform Interstate Extradition Law (§§ 941.15, 941.16, Fla.Stat., F.S.A.), which appear to limit the right of a fugitive to enlargement on bail to the period before issuance of executive warrant for his rendition to the demanding state.