PER CURIAM.
Appellant has moved for reversal of a circuit court order providing for release on bond of an extradition defendant (after issuance by the Governor of Florida of an executive warrant of interstate extradition,[1]) pending his appeal from an order of remand entered in his unsuccessful proceeding in habeas corpus. See Tomarchin v. Kelly, Fla.App. 1960, 118 So.2d 788.
Under the established rule of law, recognized and pronounced by the Supreme Court of Florida and by this court, when an executive warrant of extradition has issued in the asylum state and habeas corpus is denied and an order of remand entered, the fugitive may not be enlarged on bail pending appeal therefrom. State ex rel. Stringer v. Quigg, 91 Fla. 197, 107 So. 409; Llerandi v. Blackburn, Fla.1957, 97 So.2d 247; Tomarchin v. Kelly, supra.
The extradition defendant is free to take an appeal from the order of remand in the habeas corpus action, and to remain in the asylum state pending the outcome of his appeal, but if he elects to appeal here, rather than to be returned to the demanding state where he would be entitled to bail, he must do so pursuant to the rules of law in the asylum state which preclude him from bail pending such appeal. In recognition of the nature of the case, and as contemplated by the statute (§ 79.11, Fla.Stat., F.S.A.), an appeal by the unsuccessful petitioner in habeas corpus may be expected to *99 receive prompt consideration with or without motion to advance or expedite.
The challenged provision of the said order on habeas corpus which granted release on bond in this case is contrary to law and clearly erroneous; and the order for release of the extradition defendant pending his appeal from the habeas corpus judgment is hereby reversed on the authority of the cited cases.
It is so ordered.

. Extradition was initiated against Fortin by the demanding State of California for the alleged crime of grand theft.