PER CURIAM.
The petitioner seeks review by certiorari of an order entered by the trial court in a habeas corpus proceedings.
The respondent was arrested by the petitioner upon an executive rendition warrant issued by the Governor of Florida upon demand of the Governor of Ohio. The respondent thereupon filed a petition for writ of habeas corpus in the Circuit Court of Dade County, Florida, and the writ was issued directed to the petitioner. The petitioner made return to the writ. At the hearing on the writ the respondent presented to the trial judge a motion for temporary remission of custody which motion was heard, resulting in an order by the circuit court placing the custody of the respondent in the court upon the condition that he remain within the confines of the county. He was permitted to carry on his personal and business affairs, retain his residence and was required to sleep there each night. A designated employee of petitioner was required to conduct a regular daily check upon respondent’s whereabouts. It is this order which the petitioner seeks to have reviewed and quashed.
The circuit court in entering the order under review specifically relied upon State of Florida ex rel. Stringer v. Quigg, 91 Fla. 197, 107 So. 409.
It is the contention of the petitioner that the order sought to be quashed was a departure from the essential requirements of the law because it permits in effect the enlargement on bail of a person who has been arrested on a governor’s extradition warrant. The general rule is and has been that a person held under an extradition war *597 rant should not be enlarged on bail pending a decision in a habeas corpus proceedings. See 8 Am.Jur.2d, Bail and Recognizance, § 11, p. 790. Florida has followed the general rule. Buchanan v. Fortin, Fla.App.1964, 159 So.2d 98; Tomarchin v. Kelly, Fla.App.1960, 118 So.2d 788. The rule does not seem, however, to be the same where the person is arrested pending a request from the demanding state for the issuance of an extradition warrant by an executive of the asylum state. The reasons for the general rule that bail will be denied after the arrest of a person on the governor’s rendition warrant have been fully analyzed in State ex rel. Stringer v. Quigg, supra, and in the more recent case of Tomarchin v. Kelly, supra. The only exception to the general rule has been in rare instances and in extreme cases in which the court in habeas corpus actions may deal with the custody of the fugitive after the executive warrant has issued but only with reference to “regulating the form and manner of custody of the prisoner as distinguished from releasing him from custody on bail.”
Applying the rule to the circumstances existing at the time of the entry of the order under review, we conclude that the effect of the circuit court’s order was to release the respondent upon his own recognizance from the custody of the petitioner where he had been placed by the execution of the governor’s rendition warrant. It would, in effect, defeat the purposes of extradition. One of the reasons supporting the rule against granting bail in extradition cases where the fugitive has been reduced to custody by the execution of a governor’s rendition warrant, is because the offense is not one cognizable in the courts of the asylum state, whereas the demanding state has all of the facilities to determine the gravity of the offense, the amount of bail, if any, and the conditions thereof. Here there is no restraint on the respondent’s leaving the jurisdiction. The integrity of the processes of the courts of Florida as well as the solemnity and dignity that we should accord the request of a demanding sister state, places in jeopardy the ability of this state to produce the prisoner for delivery to the demanding state when that time arrives.
We conclude that the able circuit judge departed from the essential requirements of the law in permitting the respondent to go free with only a daily check on his presence by a representative of the petitioner’s office. It follows that the order sought to be reviewed should be and is hereby quashed.
It is so ordered.