STATE OF INDIANA ON THE RELATION OF BOYD HOWARD *v.* ST. JOSEPH SUPERIOR COURT, ST. JOSEPH COUNTY, INDIANA, AND THE HONORABLE GEORGE N. BEAMER, JR., JUDGE.

[No. 574S92. Filed September 12, 1974.]

*Robert L. Stephan,* of South Bend, for relator.

## ORIGINAL ACTION

HUNTER, J.—This is an original action in which the only issue raised is whether this Court should mandate the respondent judge to set bail pending relator's appeal from the denial of his writ of habeas corpus. It is respondent's position that Indiana trial judges have no authority to let petitioners to bail in the situations presented by the instant facts.

On November 19, 1973, the relator was arrested and incarcerated in St. Joseph County pursuant to a Governor's Warrant issued upon requisition by the Governor of Michigan. On November 20, 1973, relator filed his petition for writ of habeas corpus and hearing was set for December 4, 1973. An evidentiary hearing was finally held on March 29, 1974, at the conclusion of which the respondent made the following record:

> "Have the record indicate that the petition for Writ of Habeas Corpus is denied. The Court finds that the petitioner in said cause is one in [sic] the same persons as is

.sought by the State of Michigan as requesting State in the Governor's warrant filed here and which is State's Exhibit 1."

Thereupon relator moved to be released on bail, which motion was denied on the grounds that respondent had no authority to set bail on these facts. To be sure, no authority for fixing bail in such a situation can be found in our rules of criminal procedure, in our statutes, nor in the appellate decisions of this State.

Our constitutional provisions regarding bail, Article 1, Section 17, has been compiled in IC 1971, § 35-1-18-1:

"All offenses other than murder or treason shall be bailable by sufficient sureties. Murder or treason shall not be bailable when the proof is evident or the presumption strong."

The statutes of most states contain similar provisions. The Uniform Criminal Extradition Act, IC 1971, § 35-4-3-17, reads in pertinent part as follows:

"Unless the offense with which the prisoner is charged is shown to be an offense punishable by death or life imprisonment under the laws of the state in which it was committed, the judge or magistrate must admit the person arrested to bail by bond or undertaking, with sufficient sureties, and in such sum as he deems proper, for his appearance before him at a time specified in such bond or undertaking, and for his surrender, to be arrested upon the warrant of the governor of this state."

Neither the constitutional provision nor the Uniform Act encompasses the instant situation, i.e., post-issuance of the executive warrants.

It is the majority rule throughout the country, outside the federal system, that bail may generally *not* be set for a prisoner under a warrant of rendition. The supporting rationale for such a rule is clear and was aptly stated nearly fifty years ago by the Supreme Court of Florida:

"If the authority to grant bail in such cases exists, it must arise either by virtue of the Constitution or laws of the

United States the Constitution or laws of Florida, or from inherent authority in the courts independent of the express provisions of organic or statutory law.

"No right to bail exists at common law in favor of one held in custody under a warrant of extradition, because extradition is not a proceeding according to the course of the common law. Proceedings in extradition are sui generis, finding their origin and existence, as between different nations, wholly in treaty obligations, and as between the states of this Union wholly by virtue of the provisions of the Constitution of the United States and effectuating statutes. The Constitution of the United States, art. 4, § 2, provides:

> " 'A person charged in any state with treason, felony, or other crime, who shall flee from justice, and be found in another state, shall on demand of the executive authority of the state from which he fled, be delivered up to be removed to the state having jurisdiction of the crime.'

\* \* \*

"The courts of this state have no power to determine either the innocence or guilt of an offender against the criminal laws of another State . . . and our courts therefore should not enlarge on bail a person substantially charged with an offense against the laws of that other state, though he may be arrested here for prosecution there, unless the power to grant bail in such a case reposes either in the authority whereby such person is here arrested, or unless it is found in the Constitution or laws of Florida in connection with the incidental use of the process of this state to test the lawfulness of the extradition proceedings, or unless it inheres in the courts of this state independent of the constitutional or statutory provisions.

\* \* \*

". . . Extradition laws are enacted upon the presumption that the demanding state will accord the fugitive his right to bail, and all other legal rights. *When a fugitive is held under executive warrant of extradition, it is entirely appropriate and just that his right to bail be tested by the laws of the demanding state, where he is charged with crime, and where his guilt or innocence must be judicially determined, and not by the laws of the asylum state which holds him solely for the purpose of rendition.*

\* \* \*

"The general rule in habeas corpus proceedings is well established that pending a final hearing in the court of original

jurisdiction, or pending the determination of the cause upon writ or [sic (of)] error, the judge or court may admit the prisoner to bail . . . but the provisions of the Constitution and statutes of Florida granting bail do not control where the prisoner is arrested upon executive warrant of extradition, authority for which as previously stated, emanates solely from the federal Constitution and effectuating statutes, and is held, not for trial in our courts, but for the sole purpose of rendition to the demanding state for trial there, circumstances which plainly distinguish this situation from that under consideration in State ex rel. Gallat v. Allen, 89 So. 398, 82 Fla. 149, where the prisoner was held solely by process of this state, for trial—and possible conviction—in the courts of this state of an offense committed against the laws of this state. Although all other process under which a prisoner may be held must yield to the writ of habeas corpus, when issued, so that the prisoner is then held solely by the latter writ, and although that be the effect of the writ of habeas corpus in extradition proceedings, even after issuance of the executive warrant, the provisions of the Constitution and laws of Florida, under which bail was granted in the Gallat Case, will not avail the prisoner in extradition cases, after issuance of the executive warrant, because those provisions do not extend to one in that status. *His right to bail, if any, is fully preserved to him in the state in which he stands charged with crime. It is therefore apparent that one in the status of this petitioner is not entitled to enlargement upon bail as a right incident to his detention under the writ of habeas corpus. . . .*

\* \* \*

"It therefore follows that *after issuance of the executive warrant,* a fugitive should not be enlarged upon bail either pending a final hearing by the court or judge before whom the writ of habeas corpus is returnable, or pending the determination of a writ of error in an appellate court. From and after the service of the writ of habeas corpus, the prisoner should be retained in custody by the court pending either a final hearing upon the writ of habeas corpus in the court of original jurisdiction, or pending the determination of a writ of error. The form and manner of such custody is usually for determination of the court or judge before whom the writ of habeas corpus is returnable until issuance of the writ of error, after which it is a matter within the control of the appellate court, but *enlargement upon bond, however secure or coercive that undertaking*

*may be, does not detain the fugitive in the custody of the court.*

\* \* \*

". . . [O]ther courts, with marked uniformity, have denied bail to a fugitive from justice, in extradition proceedings, after issuance of the warrant of extradition, although the fugitive sought bail incidentally to a writ of habeas corpus brought to test the legality of his detention under the executive warrant, and we regard their position as correct, since any inherent power of the courts in such cases to deal with the custody of the fugitive may be fully exercised by appropriate regulation of the form and manner of his custody. . . ." (Authorities omitted; emphasis added.) *State ex rel. Stringer* v. *Quigg* (1926), Fla. 107 So. 409, 411-414.

Such rule has consistently been followed by the Florida courts. See, *Buchanan* v. *State ex rel. Weiss* (1964), Fla. App., 166 So. 2d 596; *Tomarchin* v. *Kelly* (1960), Fla. App., 118 So. 2d 788.

The State of New Jersey has addressed the issue and has reached a like result:

"It is true that our Constitution provides that all persons shall, before conviction, be bailable by sufficient sureties, except for capital offenses where the proof is evident or presumption great. Article 1, § 10. *But this, like the provision that the right of trial by jury shall remain inviolate (article 1, §7), which does not enlarge the right, is not intended to extend bail to cases where it did not previously obtain.* As our constitutional provision is that all persons, before conviction, shall be bailable, the provision does not extend to persons who may not be convicted under *our* laws. *As we have no power to convict an offender against the criminal laws of the state of New York, we have no power to enlarge on bail a person accused of an offense against the laws of that state, although he may be arrested here for prosecution there, unless that power resides in the authority whereby such person is here arrested and either transported or discharged, or, perhaps in a statute of this state.* I do not say that our legislature could not extend bail to such cases—only that it has not done so as to persons taken up on extradition warrants. It has done so with reference to persons charged with crime committed in another state and held to await requisition papers or executive action. There may be good reason for bailing a person preliminarily accused, and in denying bail after

he shall have been delivered by the governor to the agent of a demanding state to the end that he may be transported there. He has then been surrendered by one sovereignty to another. The cases which deny bail in this latter situation seem to proceed upon that theory." (Emphasis added.) *Ex Parte Thompson* (1915), 85 N. J. Eq. 221, 96 A. 102, 118-119.

In *State ex rel. Hildebrand* v. *Moeller* (1931), Minn., 234 N. W. 649, the Supreme Court was faced with an application to fix bail under facts similar to the case at bar:

"Our constitutional provisions in respect to bail (sections 5 and 7, art. 1) do not appear to cover bail on appeal after judgment or final order. The statute relating to bail in extradition . . . is applicable only to proceedings against fugitives from justice prior to their apprehension under a rendition warrant and the one to habeas corpus . . . to bail pending hearing upon the writ. Here there has been a hearing upon the writ in the district court. But, since the appeal is a hearing de novo in this court, it may be argued that the hearing is now pending and bail should be allowed until a decision is rendered.

"However, in habeas corpus proceedings in behalf of a person held under a warrant of rendition issued by the Governor of a state, consideration must be given to the Constitution and laws of the United States upon the subject of extradition. Article 4, § 2, of the Federal Constitution, reads: 'A person charged in any state with Treason, Felony, or other crime, who shall flee from Justice, and be found in another State, shall on Demand of the executive Authority of the State from which he fled, be delivered up to be removed to the State having Jurisdiction of the crime.' And Congress has regulated the matter of interstate rendition. . . . That statute makes no provision for bail after a person is in custody under a rendition warrant. Our statutes . . . are in aid of the Constitution and laws of the United States on the subject of extradition. In 25 C.J. p. 270, § 44, it is stated that, where a person is in custody under an extradition warrant, he is not 'according to the weight of authority entitled to bail.' The Michigan court, after calling attention to the fact that extradition is regulated by the federal law, said: 'The state courts are not permitted to hold to bail.' In re Palmer, 138 Mich. 36, 100 N. W. 996, 997. . . . Other like decisions are Ex parte Edwards, 91 Miss. 621, 44 So. 827; Ex parte Erwin, 7 Tex. App. 288, followed in Ex parte Hobbs, 32 Tex. Cr. R.

312, 22 S. W. 1035, 40 Am. St. Rep. 782; State v. Ronald, 106 Wash. 189, 179 P. 843. . . ." 234 N. W. at 650.

The State of Delaware has concurred:

"Extradition is a specialized area of the law and this Court feels that the well established principles as to bail in extradition cases should be followed. It is difficult enough to deal with an alleged fugitive from another state without running the risk that he will once again become a fugitive or without inviting frivolous habeas corpus proceedings on technicalities which are designed primarily for the purpose of delay. *This State has to meet its obligations to our sister states. A man charged with a crime ordinarily should raise his objections and defenses in the state bringing the charge.*" (Emphasis added.) *Grano* v. *State* (1969), Del. Super., 257 A. 2d 768, 771.

None of relator's cited authority holds to the contrary. In *Mozorosky* v. *Hurlburt* (1921), 106 Or. 274, 198 P. 556, the issue of extradition coupled with bail pending appeal of denial of habeas was *not* before the court. Neither was such issue before the courts citing *Mozorosky* with approval.

Our research has disclosed an Ohio case allowing bail to be set in such situation. *Ruther* v. *Sweeney* (1956), Ohio App. 137 N.E.2d 292. *However, the Ruther decision was based upon express statutory authority that does not exist in Indiana:*

"We are not unmindful of the authority to the contrary to be found in the annotation in 63 A.L.R. 1460 and also in 143 A.L.R. 1354. These cases, however, for the most part, are decided against the right to bail *because of the absence of statutory authority,* and where it was claimed the right to release on bail was to be found in the inherent power of the court in the administration of justice. . . . ." (Emphasis added.) 137 N.E.2d at 296.

Relator argues that "if a person can be let to bail pending the outcome of the extradition proceedings it would be highly illogical not to permit him to be let to bail pending the outcome of his appeal on the ultimate question of the legality of the judgment that he be returned to the demanding state." Such

contention has been answered by the Supreme Court of Nevada:

". . . Although . . . the Uniform Criminal Extradition Act sets forth the conditions when a fugitive may be admitted to bail during extradition proceedings, *it covers only the period from the fugitive's arrest to the issuance of the governor's warrant, and not the period thereafter.* We do not interpret such silence as an indication by the Legislature that all fugitives may, *after* the issuance of the governor's warrant, be admitted to bail. If a fugitive under the Act who has been charged with a capital crime in the demanding state may not be admitted to bail prior to the issuance of the governor's warrant, the presumption is much stronger that bail should be precluded *after* the issuance of the governor's warrant. Other jurisdictions have so held. In *Allen v. Wild*, 249 Iowa 255, 86 N. W. 2d 839, 841-842 (1957), a case where the fugitive was arrested on an executive warrant and admitted to bail, as in this case, the court said:

" 'The right of interstate extradition is founded in Section 2, Article IV, of the Constitution of the United States, which provides: 'A Person charged in any State with * * * Crime, who shall flee from Justice and be found in another State, shall on Demand of the executive Authority of the State from which he fled, be delivered up, to be removed to the State having Jurisdiction of the Crime.' Pursuant thereto, effectuating federal statutes have been adopted and what is now Chapter 759, Code of Iowa, 1954, I.C.A. entitled, Uniform Criminal Extradition Act, has been enacted. [Citations]

" '* * * With reference to extradition, section 759.16 provides that the prisoner, unless charged with an offense punishable by death or life imprisonment under the laws of the demanding state, may be admitted to bail by bond. However this section is applicable only while the person is being held to await requisition and before the warrant for his arrest is issued by the Governor. *The chapter contains no similar provision for bail after the arrest upon such warrant. Hence it may be fairly inferred the omission of such provision was intentional.'* (Emphasis added.)" (Emphasis added.) *State* v. *Second Judicial Dist. Ct.* (1970), Nev., 471 P. 2d 224, 225-226.

The Arizona Supreme Court addressed the same contention in *Waller* v. *Jordan* (1941), 58 Ariz. 169, 118 P. 2d 450, 452:

" '. . . We think when the legislature in one instance gives the right to bail pending the appeal but fails to give any right to bail in the other instance, it is equivalent to denying the right to bail in the latter case.' See also 2 Sutherland, Statutory Construction § 4915 (3d ed. 1943)."

Finally, we concur completely in the rationale expressed in *Buchanan* v. *State ex rel. Weiss, supra:*

" '* * * One of the reasons supporting the rule against granting bail in extradition cases where the fugitive has been reduced to custody by the execution of a governor's rendition warrant, is because the offenses is not one cognizable in the courts of the asylum state, *whereas the demanding state has all of the facilities to determine the gravity of the offense, the amount of bail, if any, and the conditions thereof.* Here there is no restraint on the respondent's leaving the jurisdiction. The integrity of the processes of the courts of Florida as well as the solemnity and dignity that *we should accord the request of a demanding sister state, places in jeopardy the ability of this state to produce the prisoner for delivery to the demanding state when that time arrives.'* " (Emphasis added.) 166 So. 2d at 597.

This Court's prior denial of an alternative writ is hereby sustained by this opinion. And the trial court's judgment in denying bail is hereby affirmed.

Writ denied.

Arterburn, C.J., Givan and Prentice, JJ., concur; DeBruler, J., votes to grant the writ without opinion.

NOTE.—Reported at 316 N.E.2d 356.