PER CURIAM.
We previously granted the writ of habe-as corpus in this proceeding and now write to explain the basis for that ruling. According to the petition, the petitioner pled no contest to delivery of cocaine and resisting arrest with violence and was placed on two years probation. On November 2, 1999, an affidavit for violation of probation was filed, but no warrant was signed. The circuit court held a hearing on November 8, 1999, at which time the petitioner was reprimanded. The petitioner subsequently failed to appear at a status hearing set for December 16, 1999, and a capias was issued. Although the circuit court later *62 withdrew the capias, the petitioner nevertheless was arrested and taken into custody on a no bond hold on January 5, 2000. No affidavit for violation of probation was filed, and no warrant for violation of probation was issued by the trial court.
At a status hearing on January 19, 2000, the petitioner’s public defender requested that the petitioner be released from custody, as no probation violation was pending. The petitioner’s probation officer and the prosecutor confirmed that there was nothing pending against the petitioner. The circuit court judge acknowledged that he had withdrawn the capias but believed that he lacked the authority to order the petitioner’s release from custody. The court directed the petitioner to file a petition for writ of habeas corpus in the civil division on the ground that habeas corpus is a civil remedy.
The petitioner then filed an emergency petition for writ of habeas corpus in this court. We issued an order to show cause, and in response, the respondent indicated that there appeared to be no basis to hold the petitioner in custody. We immediately granted the writ.
Both Article V, section 5(b) of the Florida Constitution and section 79.01, Florida Statutes, provide that a circuit court has concurrent jurisdiction with the district courts of appeal and the state supreme court to grant a writ of habeas corpus. See also State ex rel. Scaldeferri v. Sandstrom, 285 So.2d 409, 412 (Fla.1973). The only limitation on the circuit court’s jurisdiction is that such court is:
not empowered generally to review by habeas corpus the orders of courts over which the circuit court does not have appellate jurisdiction, particularly as to the legal sufficiency of the order sought to be reviewed, although the circuit court may entertain such a proceeding and discharge a petitioner held under an illegal or void order.
Id. (citing Richardson v. State ex rel. Milton, 219 So.2d 77, 79 (Fla. 3d DCA 1969)); see also Janes v. Heidtman, 272 So.2d 207, 208 (Fla. 4th DCA 1978) (purpose of the writ is to furnish speedy hearing and remedy to one whose liberty is unlawfully restrained, and circuit court erred in concluding that it lacked authority to consider the petitioner’s claim that he was unlawfully being held without bail).
In the instant case, it was not necessary for the petitioner to seek habeas relief in this Court or in the civil division of the circuit court. Although the writ of habeas corpus is civil in nature, see State v. Allen, 82 Fla. 149, 89 So. 398 (1921), the circuit court judge presiding over this petitioner’s criminal case had full authority to order his release.
WARNER, C.J., POLEN and SHAHOOD, JJ., concur.