THE PEOPLE OF THE STATE OF NEW YORK ex rel. PETER SAMET, Appellant, against THOMAS V. KENNEDY, as Sheriff of Wyoming County, Respondent.— Order affirmed, without costs of this appeal to either party. Memorandum: Relator appeals from an order dismissing a writ of habeas corpus. While confined in the Oklahoma State penitentiary, relator was "paroled" into the custody of the New York authorities for return to imprisonment in this State. The "parole" recited his understanding that it could be revoked at any time and for any cause. Relator's release from confinement in this State being imminent, the Oklahoma authorities revoked his "parole" because "It is a special condition of this parole that the subject be released only to the custody of the New York authorities for return to prison in that state." Oklahoma now seeks relator's extradition as a parole violator. The recitals in the Governor's warrant are prima facie true (*People ex rel. Draper* v. *Pinkerton*, 77 N. Y. 245; *People ex rel. Jourdan* v. *Donohue*, 84 N. Y. 438), and have not been rebutted. There is no question that parole violators may be extradited as fugitives from justice (*People ex rel. Pahl* v. *Hagerty*, 262 App. Div. 45, affd. 286 N. Y. 645; *Bartlett* v. *Lowry*, 181 Ga. 526). Relator's parole has been revoked, and the Oklahoma sentence has not been fully served. It is immaterial whether he has actually violated his parole by an affirmative act of misconduct, or whether there is any cause for its revocation. Those are questions for the demanding State and may not be considered here (*Ex parte Williams*, 10 Okla. Cr. 344, 136 Pac. 597; *State ex rel. Cooney* v. *Hoffmeister*, 336 Mo. 682; *Powell* v. *Turner*, 167 Kan. 524). The asylum State may not inquire into defendant's guilt or innocence, except as bearing on the issue of identity (Code Crim. Pro., § 849; *Drew* v. *Thaw*, 235 U. S. 432). All concur. (Appeal from an order of Wyoming County Court dismissing a writ of habeas corpus and directing that relator be delivered to an official duly authorized to receive him for transmittal to the State of Oklahoma.) Present — McCurn, P. J., Vaughan, Kimball, Piper and Van Duser, JJ.

■

WILLIAM J. HAWKINS, Respondent, v. GRAY METAL PRODUCTS, INC., et al., Appellants, et al., Defendants.— Motion for leave to appeal to the Court of Appeals denied. Present — McCurn, P. J., Kimball, Piper, Wheeler and Van Duser, JJ. [See *ante*, p. 993.]

■

BERTINA F. SPANGBERG, Respondent, v. EASTERN AIR LINES, INCORPORATED, Appellant.— Motion for reargument denied; motion for leave to appeal to the Court of Appeals denied. Present — McCurn, P. J., Vaughan, Kimball, Wheeler and Van Duser, JJ. [See *ante*, p. 1002.]

■

RUTH HOUSMAN, Respondent, v. MYRON HOUSMAN, Appellant.— Motion for reargument or other relief, or for leave to appeal to the Court of Appeals denied in all respects. Present — McCurn, P. J., Vaughan, Kimball, Piper and Van Duser, JJ. [See *ante*, p. 1012.]

■

ABRAHAM RIZIKA, Appellant, v. MORTON D. KOWALSKY et al., Respondents.— Motion for reargument denied; motion for leave to appeal to the Court of Appeals denied. Present — McCurn, P. J., Vaughan, Kimball, Piper and Wheeler, JJ. [See *ante*, p. 1009.]