**RUTHER, Relator, v. SWEENEY, Sheriff, Respondent.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 24019.    Decided October 3, 1956.

Michael A. Picciano, Alan Meltzer, for relator.
Frank T. Cullitan, Pros. Atty., for respondent.

386

## OPINION

By SKEEL, J:

This motion for bail was filed by the relator in an appeal on questions of law from a judgment entered in the common pleas court denying his right to release from custody in an action in habeas corpus. The relator was arrested on a fugitive warrant about June 5, 1956, at the request of the State of Florida, where he is now wanted on a charge of robbery. The relator's arrest was occasioned by an executive warrant issued by the Governor of Ohio in an extradition proceeding as a fugitive from justice from the State of Florida, under the authority of Chapter 2963 R. C.

Section 2 of Article IV of the Constitution of the United States, in part, provides:

"* * * A person charged in any state with treason, felony, or other crime who shall flee from justice, and be found in another State, shall, on demand of the executive authority of the State from which he fled be delivered up, to be removed to the State having jurisdiction of the crime. * * *"

Under our Uniform Extradition Act (Chapter 2963 R. C.), the only place providing for bail is where a defendant has been arrested by a peace officer without a warrant upon reasonable information that the accused stands charged in another state with a crime where the penalty or term of imprisonment exceeds one year. (Secs. 2963.12 to 2963.14 R. C.) By reason of the fact that the proceeding by which the relator is now held in custody has gone beyond his arrest at the direction of a magistrate, he is now being held on the Governor's warrant to await the officer from the demanding state. There is no provision for bail after the relator is held in custody for extradition on the warrant of the Governor of Ohio issued in accordance with and under the authority of Chapter 2963 R. C.

Sec. 2963.09 R. C., provides that after the issuance of the Governor's warrant the person sought to be extradited shall be taken before a judge of a court of record who shall inform him of the demand for his surrender and the crime charged against him; that he has the right to demand and procure legal counsel and that he may test the legality of his arrest by seeking a writ of habeas corpus within the time prescribed by the court. This the relator has done in this case, and it is from the denial of the right to release as shown by the judgment of the court of common pleas upon the trial on the merits of the habeas corpus proceeding that this appeal on questions of law is now before this court.

The common pleas court, after entering its judgment against the relator and after notice of appeal was filed, denied relator's application for bail pending appeal and the relator was remanded to jail in the custody of the respondent, the Sheriff of Cuyahoga County.

Sec. 2963.09 R. C., in providing the right to a trial by a proceeding seeking a writ of habeas corpus on the issue of the legality of relator's

arrest, does not provide the procedure to be followed in seeking release from custody. It must be, therefore, that the legislature intended that the procedure provided for in **Chapter 2725 R. C.**, dealing with "Habeas Corpus" and the provisions of the Appellate Code are to be applicable on an appeal from the granting or denial of release in a habeas corpus proceeding. **Sec. 2725.18 R. C.** provides:

"When the person brought before a judge under §2725.12 **R. C.**, is confined or detained in a legal manner on a charge of having committed a crime or offense which is bailable, the judge may recommit him or let him to bail. If such person is let to bail, the judge shall require him to enter into a recognizance, with sufficient surety, in such sum as the judge finds reasonable, after considering the circumstances of the prisoner and the nature of the offense charged, and conditioned for his appearance at the court where the offense is properly cognizable. The judge forthwith shall certify his proceedings, together with any recognizance, to the proper court. If the person charged fails to give such recognizance, he shall be committed to prison by the judge."

This section is cited only to show that where the crime with which one, who seeks release through a writ of habeas corpus, is charged is a bailable offense, the judge is empowered at his discretion to admit the relator to bail during the pendency of the habeas corpus proceeding. This was done in the trial court in this case before trial on the merits but upon the denial of release and upon entering judgment against the relator the trial judge refused bail on appeal.

A proceeding in habeas corpus is in essence a judicial proceeding controlled, unless otherwise provided by law, by the rules of civil as distinguished from criminal procedure.

In the case of **Henderson v. James, Warden, 52 Oh St 242, 259,** the Supreme Court of said:

"A proceeding in habeas corpus is essentially a civil, and not a criminal proceeding. In Ex parte Tom Tong, 108 U. S., 556, Chief Justice Waite used this language on page 559:

" 'The writ of habeas corpus is the remedy which the law gives for the enforcement of the civil right of personal liberty. Resort to it sometimes becomes necessary, because of what is done to enforce laws for the punishment of crimes, but the judicial proceeding under it is not to inquire into the criminal act which is complained of, but into the right to liberty notwithstanding the act. Proceedings to enforce civil rights are civil proceedings, and proceedings for the punishment of crimes are criminal proceedings. In the present case the petitioner is held under criminal process. The prosecution against him is a criminal prosecution, but the writ of habeas corpus which he has obtained is not a proceeding in that prosecution. On the contrary, it is a new suit brought by him to enforce a civil right, which he claims, as against those who are holding him in custody, under the criminal process. * * * The proceeding is one instituted by himself for his liberty, not by the government to punish him for his crime. * * *

" 'Such a proceeding on his part is, in our opinion, a civil proceeding,

notwithstanding his object is, by means of it, to get released from custody under a criminal prosecution.' "

Sec. 2725.26 R. C. provides:

"The proceedings upon a writ of habeas corpus must be recorded by the clerk of the court in which such proceedings were had, and may be reviewed on appeal as in other cases."

A writ of habeas corpus is a collateral remedy and is independent of the legal proceeding under which the detention is sought to be justified. In re Cattell, 146 Oh St 112, at page 117.

It must follow that, being a collateral remedy that is not a part of the extradition proceeding and which is civil in character, with an appeal provided for as in other cases (§2725.26 R. C.), that when an appeal is taken the procedure in civil cases must be followed. Certainly every judgment of a court of record is reviewable by the Court of Appeals under the authority of Art. 4, Sec. 6, Ohio Constitution and §2725.26 R. C. Prior to the enactment of the Revised Code, §12187 GC (now §2725.26 R C.) provided for a "review on error," the change being made in the recodification of 1953 to comply with the appellate procedure act of 1936.

Even if the right to appeal were not provided in a proceeding in habeas corpus upon judgment entered in the common pleas court by §2725.26 R. C., such right to appeal to the Court of Appeals on questions of law is provided by Art. 4, Sec. 6, Ohio Constitution, and the procedure for such an appeal is provided in Chapter 2505 R. C.

Sec. 2505.09 R. C., provides:

"No appeal shall operate as a stay of execution, except as provided in §2505.11 and 2505.12 R. C., until a supersedeas bond is executed by the appellant to the adverse party with sufficient surety and in such sum, not less than the amount of the judgment and interest, as is directed by the court making the order which is sought to be superseded or by the court to which the appeal is taken. Such bond shall be conditioned as provided in §2505.14 R. C."

Secs. 2505.11 and 2505.12 R. C., have no application here. Sec. 2505.14 R. C., provides for the terms of the supersedeas bond, the court having power to prescribe the conditions thereof.

Sec. 2505.17 R. C. provides:

"Execution of a judgment or final order, other than those enumerated in §§2505.01 to 2505.45, inclusive, R. C., of any judicial tribunal, or the levy or collection of any tax or assessment therein litigated, may be stayed, on such terms as are prescribed by the court in which the appeal is filed, or by a judge thereof."

In the Henderson case, supra, the court said on page 261:

"It is also claimed that section 6725, does not apply to a judgment of discharge on habeas corpus. That section provides:

" 'Execution of a judgment or a final order, other than those enumerated in this chapter, of any judicial tribunal, or the levy of collection of any tax or assessment therein litigated, may be stayed on such terms as may be prescribed by the court in which the petition in error is filed, or by a judge thereof.'

"Because the circuit court stayed the execution of the judgment or final order of discharge without fixing any terms, other than the simple stay, it is claimed that the above section is not applicable to such case, and that there can be no stay, except on such terms as may be prescribed by the court. The answer to this is that the court has ample power to stay the execution of the judgment or final order, and it may grant the stay upon such terms as it sees fit, and if in the opinion of the court no other terms than the stay itself are required, the stay may be so granted. In the case at bar, while no terms were prescribed in the order of stay, in fact the prisoner remained in the custody of the warden until the hearing of the petition in error. The order of stay might well have been upon the terms that the warden safely keep the prisoner until the final hearing.

"We think, therefore, that §6725 R. S. is applicable to a stay in habeas corpus proceedings."

Sec. 6725 R. S. became §12223-17 GC and is now §2505.17 R. C., the section last quoted, supra.

Aside from the power conferred on the court of appeals by §2505.17 R. C. to stay the execution of a judgment in a habeas corpus proceeding pending appeal upon such terms "as may be prescribed by the court" in the last paragraph of §2501.02 R. C., which section fixes the jurisdiction of the court of appeals as provided by Art. 4, Sec. 6, Ohio Constitution. This section of the Revised Code provides:

"The court on good cause shown may issue writs of supersedeas in any case, and all other writs, not specially provided for or prohibited by statutes, necessary to enforce the administration of justice."

The court of appeals is by the foregoing sections authorized to stay the judgment of the common pleas court denying the appellant the right to be released from custody and hold that he is legally detained upon whatever terms the court deems proper under the circumstances.

We are not unmindful of the authority to the contrary to be found in the annotation in 63 A. L. R. 1460 and also in 143 A. L. R. 1354. These cases, however, for the most part, are decided against the right to bail because of the absence of statutory authority, and where it was claimed the right to release on bail was to be found in the inherent power of the court in the administration of justice. These cases are not in point. In every case where the right to release the relator on bail in an appeal from a denial of release in a habeas corpus case was based on statutory authority the holdings are in complete accord with our conclusions in this case.

We, therefore, grant the relator's motion for stay of execution pending appeal of the judgment finding he is legally in the custody of the sheriff on the Governor's warrant granting extradition to the State of Florida as a fugitive from justice. The relator is granted the privilege of being released from custody until the final determination of this appeal conditioned upon his giving a bond to the State of Ohio and Sheriff of Cuyahoga County in the sum of $2500 with the further condition that he shall not leave the jurisdiction of this court and will abide

and perform the order and judgment of this court after hearing of this appeal on the merits and pay costs and loss occasioned by any default on his part and further that he will prosecute this appeal with due dispatch. The bond with proper surety as prescribed by law herein required is to be to the satisfaction of the Clerk of this Court.

KOVACHY, PJ, HURD, J, concur.