George Beisheim, Jr., J.
Relator in two writs of habeas corpus, one brought on his behalf by his attorney, and the other a pro se application, accompanied by a pro se application for an order to show cause, seeks an order releasing him from the custody of the Commissioner of Correction of Westchester County, and for dismissal of extradition proceeding instituted by the State of Maryland. The pro se applications have been adopted by his attorney. Presently, the relator is in custody under a warrant of the Governor of the State of New York issued upon the requisition of the Governor of the State of Maryland.
*155 The Maryland requisition certifies that the relator is a “ fugi-. tive from justice ’ ’ and is charged with the crime of assault with intent to murder. In support of the requisition, the affidavit of the State’s Attorney for the City of Baltimore recites that the relator was in the State of Maryland at the time of the commission of the crime of assault with intent to murder, having fled the State since the commission of the crime. Attached to. the requisition are certified copies of three indictments, one of which, charging the aforesaid crime, is sufficient to support the requisition.
The relator argues several grounds for his discharge. First, he contends that he is not a ‘ ‘ fugitive from justice ’ ’. He claims that he is on bail under the charges herein in the sum of $25,000 and that to his knowledge he has not done anything to violate the conditions of his bail. In addition to the extradition papers, the People have submitted a bench warrant issued by the Chief Judge of the Supreme Bench of Baltimore City on September 8, 1969, to answer the charge for assault to murder which contains the legend ‘ ‘ Take Bail in $ — None ’ ’. Furthermore, the defendant does not allege that he is not the person charged by the Maryland requisition or that he was not present in the demanding State at the time of the commission of the crime. Thus, the defendant has not met the burden of proof which is upon him to establish he was not a ‘ ‘ fugitive from justice ’ ’ as that term is understood: “ A fugitive from justice is defined to be ‘ a person who commits a crime within a state, and withdraws himself from such jurisdiction without waiting to abide the consequences of such act ’ (Matter of Voorhees, 32 N. J. L. 141, 150) ”. (People ex rel. Higley v. Millspaw, 281 N. Y. 441, 446; People ex rel. Samet v. Kennedy, 285 App. Div. 1116; People ex rel. Arnold v. Hoy, 32 Misc 2d 824.) It is immaterial whether the relator was on bail and whether the bail, if it existed, was revoked without the knowledge of the defendant. This is a question for the demanding State (People ex rel. Samet v. Kennedy, supra [parole revoked]).
Second, the relator contends that the requisition is insufficient as a matter of law as it does not state the relator was in the demanding State at the time the crime charged was alleged to have been committed in accordance with the exact Maryland counterpart of section 830 of the Code of Criminal Procedure. Such a statement is contained in the State’s Attorney’s affidavit in support of the requisition accompanied by a certified copy of the indictment. This form was approved in People ex rel. Higley v. Millspaw (supra, pp. 445-446) which involved a Maryland extradition.
*156 Third, relator contends that the papers in support of the warrant fail to show ‘ ‘ probable cause ’ ’ for the issuance under the principle of People v. Artis (32 A D 2d 554). Artis applied to a warrant issued upon affidavits sworn to by an individual who did not have personal knowledge of the facts of the alleged crime (People ex rel. Porzio v. Wright, 59 Misc 2d 1056 ; People ex rel. Grice v. Wright, 60 Misc 2d 488). Nothing in Artis extended the inquiry into “ probable cause ” to a warrant issued upon an indictment and this court ‘1 may not consider the question of the sufficiency of the indictment as a pleading ’ \ (People ex rel. Higley v. Millspaw, supra, p. 445.)
Fourth, relator contends that the failure of bail to be set after his arraignment upon the warrant is a violation of the 8th Amendment of the United States Constitution prohibiting excessive bail. While there is statutory authority for bail before the issuance of a warrant (Code Crim. Pro., §§ 842, 844, 845), the statute is silent as to the procedure thereafter (Code Crim. Pro., § 838). It is beyond dispute that one of the legitimate purposes for bail is to assure the presence of a defendant at trial. When an extradition proceeding, which purpose is to assure that presence, has reached the stage of the issuance of a Governor’s warrant and arraignment, denial of bail is in furtherance of the purpose of extradition, which is to return a defendant who is a “ fugitive from justice ” to the demanding State and thus assure his presence at trial.
Fifth, upon this record, the defendant has been held properly, pending receipt of the Governor’s warrant, and also after arraignment thereon. Relator’s constitutional attack upon the extradition proceedings has no merit. (People ex rel. Hollander v. Britt, 195 Misc. 722, affd. 276 App. Div. 815.)
Accordingly, the dual writs are denied, the order to show cause is granted and upon consideration denied, and the Governor’s warrant is sustained.