ROBERT WAYANS *v.* JOHN WOLFE, WARDEN OF THE COMMUNITY CORRECTIONAL CENTER, NEW HAVEN

SUPERIOR COURT      NEW HAVEN COUNTY      FILE NO. 131957
AT NEW HAVEN

Memorandum filed November 16, 1972

*James G. Marshall,* public defender, for the plaintiff.

*Jerrold H. Barnett,* assistant state's attorney, for the defendant.

SHEA, J. The plaintiff has been arrested by and is confined under a governor's warrant for extradition to California on a charge of murder. He has instituted habeas corpus proceedings to test the legality of his arrest. General Statutes § 54-166. No determination on the habeas application has been made because the scheduled hearing has been continued, at the plaintiff's request, in order to obtain certain information from California which he

considers material. Pending a hearing and determination by the court, the plaintiff has moved to be admitted to bail. The defendant claims that, at this stage of the proceedings, the plaintiff is not entitled to bail as a matter of law apart from questions of the court's discretion as to whether bail should be granted or the amount which should be set. It was agreed by counsel that the question whether the plaintiff was entitled to bail, as a matter of law, would first be submitted to and determined by the court.

The Uniform Criminal Extradition Act (General Statutes §§ 54-157—54-185) provides that a person arrested as a fugitive from another state may be admitted to bail pending issuance of the governor's warrant in an extradition proceeding, unless the offense charged is punishable by death or life imprisonment under the law of the demanding state. This exception would apply to this case, because the plaintiff is charged with murder, which is punishable by life imprisonment in California, the demanding state. *People* v. *Anderson,* 6 Cal. 3d 628, 657.

Even if the plaintiff were not barred from admission to bail before issuance of the governor's warrant by this statutory exception, after he was arrested pursuant to that warrant the Uniform Act makes no provision for admitting him to bail regardless of the nature of the crime charged. This omission has been regarded as intentional. *Allen* v. *Wild,* 249 Iowa 255, 259. "When an extradition proceeding . . . has reached the stage of the issuance of a Governor's warrant and arraignment, denial of bail is in furtherance of the purpose of extradition, which is to return a defendant who is a 'fugitive from justice' to the demanding State and thus assure his presence at trial." *People ex rel. McGill* v. *Wright,* 62 Misc. 2d 154, 156 (N.Y.). These

decisions, denying the right to bail after arrest upon a governor's warrant, represent the majority view upon the subject. Notes, 63 A.L.R. 1460, 143 A.L.R. 1354. In two cases adopting the opposite view, one of which did not involve the Uniform Act, other statutory provisions expressly granting a right of bail in any habeas corpus proceeding seem to have been involved. *Application of Haney,* 77 Idaho 166; *Ruther* v. *Sweeney,* 75 Ohio L. Abstract 385.

Although it may be argued that the omission of a provision for bail after issuance of a governor's warrant is a legislative oversight which the court may remedy, it is probable that, if a provision for such bail had been included, the same exception as applies to a fugitive arrest would have been made for persons charged with crimes punishable by life imprisonment or death. See General Statutes § 54-172. The plaintiff, therefore, would not be helped unless the court were to construe the silence of the Uniform Act as indicating a legislative intention that all fugitives, even those denied bail while awaiting the governor's warrant pursuant to the exception of General Statutes § 54-172, may be admitted to bail after such a warrant has been issued. This claim has been expressly rejected in a similar case: "If a fugitive under the Act who has been charged with a capital crime in the demanding state may not be admitted to bail prior to the issuance of the governor's warrant, the presumption is much stronger that bail should be precluded *after* the issuance of the governor's warrant." *State* v. *Second Judicial District Court,* 86 Nev. 531, 534.

The plaintiff relies upon *Winnick* v. *Reilly,* 100 Conn. 291, which held that the trial court was empowered to admit a petitioner to bail pending the outcome of his appeal from a dismissal of his habeas

corpus writ in an extradition proceeding. That case, however, was decided long before the enactment of the Uniform Act. Although it affirmed the inherent power of the court to admit a person to bail in the absence of statutory authority, the case would not support the admission to bail of persons charged with offenses of such a nature that the legislature has expressly precluded them from bail prior to issuance of a warrant by the governor. The other case cited by the plaintiff, *Rose* v. *Nickeson*, 29 Conn. Sup. 81, does not involve an extradition proceeding or the application of the Uniform Act.

The motion that the plaintiff be admitted to bail is denied.