## No. 26701

### Samuel L. Deas v. The Honorable Zita L. Weinshienk, one of the Judges of the Denver District Court
(533 P.2d 496)

Decided March 3, 1975. Opinion modified and as modified rehearing denied March 24, 1975.

18

Truman E. Coles, for petitioner.

Dale Tooley, District Attorney, Brooke Wunnicke, Chief Appellate Deputy, for respondent.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

This is an original proceeding in the nature of mandamus in which we issued a rule to the district court to show cause why petitioner Deas should not be admitted to bail in an extradition proceeding. Upon response to the rule, we now determine to discharge it.

The petitioner was charged with having committed a crime in the state of Nevada. Before the governor's warrant was issued, he was admitted to bail which was returnable on a day certain or upon issuance of the governor's warrant. Upon the latter happen-

ing it was revoked and he was remanded to custody. A subsequent motion for setting of bail pending outcome of a habeas corpus petition, filed when Deas was incarcerated, was denied. That prompted filing of the proceedings here.

█ The issue to be decided is whether petitioner is entitled to be admitted to bail after the governor's warrant has been served and pending the outcome of a habeas corpus petition in the trial court. We hold he is not so entitled.

I.

█ Colorado has adopted the Uniform Criminal Extradition Act, section 16-19-101, C.R.S. 1973 ("the Act"), *et seq.* The Act provides for bail during the period *before* the governor's warrant has been served. But it makes no provision for bail *after* service of the warrant.

This court has not had occasion to interpret the Act with reference to the issue here presented. The issue has been raised and decided, in recent times in several other states, as well as the federal district court sitting in Mississippi. Two state courts have looked at the issue recently: *State v. St. Joseph Superior Court,* 316 N.E.2d 356 (Ind. 1974), and *Wayans v. Wolfe,* 30 Conn. Sup. 60, 300 A.2d 44 (1972). In reviewing cases interpreting the Act, both courts have found the majority rule to be that there is *no* right to bail after arrest upon a governor's warrant. Further, both decisions cite the case of *Allen v. Wild,* 249 Iowa 255, 86 N.W.2d 839 (1957), with approval. *Allen* held that the Act intentionally omitted a provision for bail after service of the governor's warrant, and that without other statutory provisions no right to bond then exists.

Other court decisions — all unanimous in denying bail after the governor's warrant — are *Balasco v. State,* 289 So.2d 666 (Ala. App. 1974); *State v. Second Judicial District,* 86 Nev. 531, 471 P.2d 224 (1970); *Grano v. Delaware,* 257 A.2d 768 (Del. 1969); *Buchanan v. Fla. ex rel. Weiss,* 166 So.2d 596 (Fla. App. 1964); *Tomarchin v. Kelly,* 118 So.2d 788 (Fla. App. 1960); *Walden v. Mosley,* 312 F.Supp. 855 (N.D. Miss. 1970).

█ The rationale of these decisions is that because the fugitive is being held for another state he should be readily available to be turned over to those who arrive to return him. A presumption exists that the demanding state will accord the fugitive all his

legal rights, including that of bail. A special obligation to deliver a fugitive is owed to a sister state — an obligation which makes bail inappropriate after the stage when issuance of the governor's warrant is reached. *State v. St. Joseph Superior Court, supra; State v. Second Judicial District, supra.*

The petitioner insists that the Colorado Constitution compels the setting of reasonable bond. However, constitutional provisions have been held inapplicable to one charged with an offense under the laws of another state. *State v. Second Judicial District, supra; Grano v. State, supra; Allen v. Wild, supra; Stringer v. Quigg,* 107 So. 409 (Fla. 1926).

There is some authority to the contrary. In *Application of Haney,* 77 Idaho 166, 289 P.2d 945 (1955), the court read the state constitution and general statute covering bail to be broad enough to give the district court the power to grant bail, but the court held that bail was *discretionary* with the court. Subsequently, courts of other states have held contrary to *Haney.* Post-warrant bail was also granted in the case of *Ruther v. Sweeney,* 75 Ohio L. Abs. 385, 137 N.E.2d 292 (1956), the court noting that it was "not unmindful of the authority to the contrary" but finding an express statute which provided for bond. It should be noted that neither *Haney* or *Ruther* involved the Act as noted in *Wayans v. Wolfe, supra.*

This decision is narrowly addressed to release on bail from detention after the governor's warrant is executed. Under C.A.R. 8.1, granting of bail pending appellate review of habeas corpus relating to extradition proceedings is still addressed to the discretion of the trial court under the usual standards.

Rule discharged.

MR. JUSTICE LEE and MR. JUSTICE ERICKSON do not participate.