

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

ра 467

**JOHN L. HILL**
ATTORNEY GENERAL

May 21, 1975

The Honorable Ted Butler
Criminal District Attorney
San Antonio, Texas 78204

Opinion No. H- 612

Re: Whether a person held
after arrest on a governor's
warrant is entitled to bail.

Dear Mr. Butler:

You ask whether a person held after arrest on a governor's
warrant based on a demand for extradition, is entitled to bail. The
Uniform Criminal Extradition Act, article 51.13, Code of Criminal
Procedure, adopted in 1951, provides for the arrest, detention and
extradition of a person found in Texas who is charged with committing
a crime in another State. Section 16 of article 51.13 provides:

> Unless the offense with which the prisoner is
> charged is shown to be an offense punishable
> by death or life imprisonment under the laws
> of the State in which it was committed, a judge
> or magistrate in this State may admit the person
> arrested to bail by bond, with sufficient sureties
> and in such sum as he deems proper, conditioned
> for his appearance before him at a time specified
> in such bond, and for his surrender, to be arrested
> upon the warrant of the Governor in this State.

Although the Texas courts have not directly dealt with section 16
in its present form, the Court of Criminal Appeals early held that a person
held on a governor's warrant was not entitled to bail. Hobbs v. State, 22
S. W. 1035 (Tex. Crim. 1893). The constitutional guarantee to bail for
"all prisoners" was the same in 1893 as it is today:

> All prisoners shall be bailable by sufficient
> sureties, unless for capital offenses, when
> the proof is evident; but this provision shall
> not be so construed as to prevent bail after
> indictment found upon examination of the
> evidence in such manner as may be prescribed
> by law.  Tex. Const. art. 1, sec. 11.

In Ex Parte Dugue, 333 S. W. 2d 382 (Tex. Crim. 1960), the court
held that a person arrested in Texas on a bailable felony charge commit-
ted in Texas as well as under a governor's warrant for extradition was
not entitled to bail on the otherwise bailable felony since he was "in
lawful custody for extradition." With no reason other than the arrest
under the governor's warrant given for denial of bail, the opinion suggests
that Hobbs is still viable and a person held under a governor's warrant
is not entitled to bail.

With a bail provision in Indiana's Uniform Criminal Extradition
Act almost identical to Texas' and a similar constitutional bail guarantee,
the Supreme Court of Indiana has recently held that a person sought by
the State of New York, is not entitled to bail after arrest on a governor's
warrant, and has comprehensively stated the majority view on this
subject, citing Hobbs as being in accord.  Howard v. St. Joseph Superior
Court, 316 N. E. 2d 356 (Ind. 1974), and cases cited therein.  The court
in Howard held that neither the Uniform Act nor the constitutional pro-
vision encompassed the situation of a person held after the issuance of a
governor's warrant.  While the Uniform Act provides for bail between
arrest without a governor's warrant and receipt of the governor's warrant
by the magistrate having custody of the accused fugitive, the Howard
court explained, quoting from Ex Parte Thompson, 96 A. 102 at 118, 119
(N. J. 1915):

> It is true that our Constitution provides that all
> persons shall, before conviction, be bailable by
> sufficient sureties, except for capital offenses where
> the proof is evident or presumption great.  Article 1,
> § 10.  But this . . . is not intended to extent bail to

cases where it did not previously obtain.  As our constitutional provision is that all persons, before conviction, shall be bailable, the provision does not extend to persons who may not be convicted under our laws.  As we have no power to convict an offender against the criminal laws of the state of New York, we have no power to enlarge on bail a person accused of an offense against the laws of that state. . . .  (Court's emphasis).

Accord, Walden v. Mosley, 312 F.Supp. 855 (N.D. Miss. 1970); McGill v. Wright, 307 N.Y.S. 2d 964 (N.Y. County Ct. 1970); Nevada v. Second Judicial District Court, County of Washoe, 471 P.2d 224 (Nev. Sup. 1970); Wayans v. Wolfe, 300 A.2d 44 (Conn. Super. 1972); Buchanan v. Florida, 166 So. 2d 596 (Fla. Ct. App., 3rd Dist.) 1964); and Allen v. Wild, 86 N.W. 2d 839 (Iowa 1957).  Compare, Application of Haney, 289 P. 2d 945 (Idaho 1955); and Ruther v. Sweeney, 137 N.E. 2d 292 (Ohio Ct. App. 1956).

Consequently, a person arrested before the issuance of a governor's warrant may be admitted to bail pursuant to article 51.13, section 16, Code of Criminal Procedure, until said warrant is issued.  A person arrested and held pursuant to an issued governor's warrant may not be admitted to bail since there is no statutory or constitutional authority for bail under such circumstances.

## SUMMARY

A person held after arrest on a governor's warrant is not entitled to bail.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH,  Chairman
Opinion Committee

lg