

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

JOHN L. HILL.
ATTORNEY GENERAL

March 26, 1976

*Lee Ex Parte,
Sheldon Quinn
#54125 opinion
delivered 4-13-77
Cf. Crim Appeals*

The Honorable Tim Curry
Criminal District Attorney
Tarrant County
200 West Belknap
Fort Worth, Texas 76102

Opinion No. H-803

Re: Whether a person
arrested on a governor's
warrant is entitled to
bail pending the reso-
lution of a habeas corpus
proceeding.

Dear Mr. Curry:

You have requested our opinion as to the availability
of bail in an extradition proceeding. Specifically, you
ask:

> Following the arrest of an alleged
> fugitive on a governor's warrant, may
> a court of record enlarge said alleged
> fugitive on bail during the pendency of
> a habeas corpus proceeding (including
> an appeal from an adverse ruling)?

In Attorney General Opinion H-612 (1975), we held that
bail was not available to one who has been arrested on a
governor's warrant, although we did not address the particular
situation in which the person seeks habeas corpus relief and
requests bail during the pendency of these proceedings.
Nevertheless our answer in such a case is the same. Although
one arrested on a governor's warrant is entitled to apply
for a writ of habeas corpus, he may not be enlarged on bail
during such proceedings.

The most recent Texas case on the question was decided almost 40 years ago, and held that the statute providing for bail pending determination of a habeas corpus appeal, the current article 44.35, Code of Criminal Procedure, includes extradition cases in its operation.  Ex parte Anderson, 113 S.W.2d 551 (Tex. Crim. App. 1938).  Thus, if this case were applicable, a person would be entitled to bail pending determination of an appeal from a remand to custody following denial of habeas corpus relief in an extradition proceeding. However, it is our opinion that the Anderson decision has been effectively superseded by Texas' adoption in 1951 of the Uniform Criminal Extradition Act (UCEA).  Code Crim. Proc. art. 51.13.  The UCEA provides that a person held for extradition may be admitted to bail before issuance of a governor's warrant, but it makes no provision for bail after the governor's warrant is issued.  Code Crim. Proc. art. 51.13, § 16.

The Anderson court relied on a New York decision interpreting a statute similar to article 44.35 to provide for bail pending appeal from a remand to custody following denial of habeas corpus relief, even in cases where the appellant was held pursuant to a governor's warrant in an extradition proceeding.  Ex parte Anderson, supra at 552. Both New York and Texas subsequently adopted the UCEA.  N.Y. Code Crim. Proc. §§ 827-859; Tex. Code Crim. Proc. art. 51.13.  The New York courts now treat the UCEA as the controlling statute and deny bail in habeas corpus proceedings after issuance of a governor's warrant.  People ex. rel. McGill v. Wright, 307 N.Y.S.2d 964 (Cty.Ct. 1970), aff'd 314 N.Y.S.2d 128 (App.Div. 1970).

In other states which have adopted the UCEA, the courts have construed it to prohibit bail in extradition cases after issuance of the governor's warrant, including the situation where the prisoner has applied for habeas corpus or has appealed from a remand to custody following denial of habeas corpus relief.  Deas v. Weinshienk, 533 P.2d 496 (Col. 1975); State v. Second Judicial Dist. Ct., County of Washoe, 471 P.2d 224 (Nev. 1970); Buchanan v. State, 166 So.2d 596 (Fla. 1964); Allen v. Wild, 86 N.W.2d 839 (Ia. 1957); Waller v. Jordan, 118 P.2d 450 (Ariz. 1941). When courts of a state have not previously construed a particular uniform statute, they "will refer to decisions of other states and will construe the statute in accordance

The Honorable Tim Curry - page 3 (H-803)

with the construction given to the same statute in other jurisdictions." Sutherland, Statutes and Statutory Construction, 4th Ed., § 52.05 (1973). Therefore, we believe the Texas courts will construe the UCEA to prohibit bail after issuance of the governor's warrant in all cases.

Since the UCEA, article 51.13, was adopted subsequent to the passage of article 44.35 and since the provisions of article 51.13 are more specific in that they speak only to extradition cases, article 51.13 controls in the event of a conflict between the two statutes. V.T.C.S. art. 5429b-2, §§ 3.05(a) and 3.06; Commercial Stand. F.&M. Co. v. Commissioner of Insurance, 429 S.W.2d 930, 933 (Tex.Civ.App. -- Austin 1960, no writ). See Millman v. State, 487 S.W.2d 750, 752 (Tex. Crim. App. -- 1972). More importantly, the Court of Criminal Appeals has stated, with reference to cases decided prior to the adoption of the UCEA, that "[s]uch cases ceased to be authority following this basic change in our law relating to extradition. . . ." Ex parte Peairs, 283 S.W.2d 755, 758 (Tex. Crim. App. 1955).

Based on the foregoing authorities, we believe that the adoption of the UCEA by the Texas Legislature superseded the holding in Anderson and, therefore, that a person held for extradition under a governor's warrant may not be enlarged on bail pending final determination of habeas corpus proceedings.

S U M M A R Y

A person held for extradition may not be admitted to bail after issuance of governor's warrant pending determination of a habeas corpus proceeding or of an appeal from a remand to custody.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb