**Ex parte Sheldon QUINN.**

**No. 54125.**

Court of Criminal Appeals of Texas.

April 13, 1977.

Mario J. Martinez and H. Davidson Smith, III, El Paso, for appellant.

Steve W. Simmons, Dist. Atty., and Douglas Gelo, Asst. Dist. Atty., El Paso, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from an order entered in the 205th District Court of El Paso County in a habeas corpus proceeding remanding the appellant to custody for extradition to the State of Indiana on the charge of theft of a 1969 Cadillac automobile of the value of $2,300.00 in violation of Burns Indiana Statutes, § 10–3030.

At the habeas corpus hearing the State introduced the Executive Warrant of the Governor of Texas and the supporting papers from Indiana. The appellant offered no evidence.

First, we shall consider appellant's contention that he was denied bail pending appeal after the habeas corpus hearing. It might be argued that if this appeal is affirmed, which it is, the question of bail is moot. Whatever may be the validity of such argument, it is observed that to raise such question it would be necessary for any appellant in an appeal from a habeas corpus proceeding ordering extradition where bail had been denied pending appeal to bring still another habeas corpus proceeding and bring an appeal from the continued denial of bail and hope that the second appeal would reach this court and be passed upon before the first appeal. Further, since the trial bench has been relying upon an Attorney General's opinion with which this court does not agree for the denial of bail pending appeal in extradition cases, the matter should be considered.

It is further observed that the appellant has fifteen days in which to file his motion for leave to file his motion for rehearing, and this appeal is not final until the mandate of this court is issued.

We observe that it was held in early cases of *Ex parte Erwin*, 7 Tex.App. 288 (1879), and *Hobbs v. State*, 32 Tex.Cr.R. 312, 22 S.W. 1035 (1893), that where an individual is held under and by virtue of an extradition warrant from the Governor, he is not entitled to bail.

In 1927 the Legislature enacted Article 857a, Vernon's Ann.C.C.P., which provided:

"In *any* habeas corpus proceeding in any court or before any judge in this State where the defendant is remanded to the custody of an officer and an appeal is taken to an Appellate Court, the defendant shall be allowed bail by the court or judge so remanding the defendant, except in capital cases where the proof is evident. The fact that such defendant is released on bail shall not be ground for a dismissal of the appeal except in capital cases where the proof is evident." (Acts 1927, 40th Leg., p. 66, ch. 43, Sec. 1.) (Emphasis supplied.)

In *Ex parte Anderson*, 133 Tex.Cr.R. 589, 113 S.W.2d 551 (1938), it was noted that the *Erwin* and *Hobbs* cases were decided when no statute such as Article 857a, supra, was in effect. The court then wrote:

"In those states having no statute permitting bail upon appeal in habeas corpus cases it has been quite uniformly held that bail should not be allowed where the party complaining was held upon extradition demand. In other states by statute bail is allowed upon appeal in habeas corpus cases except where the party has been remanded in extradition proceedings. But in those states having a statute similar to that passed by the 40th Legislature bail is allowed upon appeal even in extradition cases . . .

"Our own Legislature not having excepted extradition cases from the operation of the statute passed in 1927 permitting bail upon appeal where one has been remanded upon habeas corpus hearing, we feel compelled to give it application in the present instance." See and cf. *Ex parte Hawthorne*, 151 Tex.Cr.R. 283, 207 S.W.2d 408 (1948). Cf. *Ex parte Gallogly*, 138 Tex.Cr.R. 115, 134 S.W.2d 666 (1939), holding Article 857a, supra, inapplicable to habeas corpus proceedings involving extradition for escaped felon from Georgia whose convictions were there final.

In 1951 Texas adopted the Uniform Criminal Extradition Act which became Article 1008a, Vernon's Ann.C.C.P. § 16 thereof provided:

"Unless the offense with which the prisoner is charged is shown to be an offense punishable by death or life imprisonment under the laws of the State in which it was committed, a judge or magistrate in this State may admit the person arrested to bail by bond, with sufficient sureties and in such sum as he deems proper, conditioned for his appearance before him at a time specified in such bond; and for his surrender, to be arrested upon the warrant of the Governor of this State."

The statute made no provision regarding bail after the Governor's Warrant is issued. The act was silent as to such matter, and there was no express repeal of Article 857a, supra, which remained on the statute books. One statute expressly provided for bail pending appeal in any habeas corpus case except as otherwise provided, and the other statute was silent as to bail after the issuance of the Governor's Warrant. We observe no conflict between such statutes and know of no decision construing the statutes to be in conflict.

In the 1965 Code of Criminal Procedure, Article 1008a, supra, was brought forward as Article 51.13, Vernon's Ann.C.C.P., with § 16 unchanged and with the act remaining silent as to bail after the issuance of the Governor's Warrant. Article 857a, supra, was brought forward unchanged as Article 44.35, Vernon's Ann.C.C.P., indicating a legislative intent that in any habeas corpus proceedings, except as limited in the statute, the petitioner was entitled to bail pending appeal.

It is true that in some states which have adopted the Uniform Criminal Extradition Act the courts have construed it to prohibit bail in extradition cases after the issuance of the Governor's Warrant, including the situation where the prisoner has applied for habeas corpus or has appealed from a remand to custody following denial of habeas corpus relief. See *Allen v. Wild*, 249 Iowa 225, 86 N.W.2d 839 (1957); *Buchanan v. State ex rel. Weiss*, 166 So.2d 596, 597 (Fla. App.1964); *State v. Second Judicial Dist. Ct., County of Washoe*, 86 Nev. 531, 471

P.2d 224 (1970); *Wayans v. Wolfe*, 30 Conn. Sup. 60, 300 A.2d 44 (1972); *State ex rel. Howard v. St. Joseph Superior Court*, 262 Ind. 367, 316 N.E.2d 356 (1974); *Deas v. Weinshienk*, 533 P.2d 496 (Colo.1975). These cases seem to rely upon the omission in the act of any reference to bail after the issuance of the Governor's Warrant. See *Allen v. Wild*, supra; *State v. Second Judicial Dist. Ct., County of Washoe*, supra. However, in none of these jurisdictions did there exist a statutory provision permitting bail on appeal in habeas corpus such as Article 44.35, supra.

In states where there is an express statute outside the Uniform Criminal Extradition Act providing for bail pending appeal, it has been held that such statute controls. See *Ruther v. Sweeney*, Ohio App., 75 Ohio L.Abst. 385, 137 N.E.2d 292 (1956). See also *Application of Haney*, 77 Idaho 166, 289 P.2d 945 (1955). In *Ruther v. Sweeney*, supra, the Court of Appeals of Ohio wrote:

"We are not unmindful of the authority to the contrary to be found in the annotation in 63 A.L.R. 1460 and also in 143 A.L.R. 1354. These cases, however, for the most part, are decided against the right to bail because of the absence of statutory authority, and where it was claimed the right to release on bail was to be found in the inherent power of the court in the administration of justice. These cases are not in point. In every case where the right to release the relator on bail in an appeal from a denial of release in a habeas corpus case was based on statutory authority the holdings are in complete accord with our conclusions in this case."

■ We conclude that the Legislature having enacted Article 44.35, supra, as part of the same Code of Criminal Procedure as Article 51.13, supra, and not having excepted extradition cases therefrom, the provisions of Article 44.35, supra, control except in capital cases where the proof is evident. We hold the court erred in not setting bail pending appeal.

■ The court obviously relied upon Attorney General's Opinion H–803 (1976),

which was cited to the court and which held that a person held for extradition may not be admitted to bail after issuance of the Governor's Warrant pending determination of an appeal from a remand to custody. For reasons stated, we do not agree with such opinion.

As stated in *Ex parte Anderson*, supra, "Whether it would have been more expedient if the Legislature had exempted from the operation of the statute those held under extradition warrant is a matter for the legislative branch of the government and not the courts."

■ Appellant also complains that the Indiana information found in the supporting papers is defective because it was executed before a notary public and does not comply with the laws of Texas, to-wit, Article 21.21(9), which requires that an information "must be signed by the District or County Attorney, officially." He argues that in absence of proof to the contrary it is presumed that the laws of Indiana are the same as Texas. *Ex parte Posey*, 453 S.W.2d 833, 834 (Tex.Cr.App.1970); *Ex parte Krarup*, 422 S.W.2d 173, 174 (Tex.Cr.App.1967). While the information was signed by the complaining witness and sworn to by the complaining witness before a notary public, it is also signed by the deputy prosecuting attorney. While the signature and oath of the complaining witness are not required in Texas on an information, it can be disregarded as surplusage since it is signed by the prosecuting official. Appellant's contention is without merit.[1]

Next, appellant complains that the affidavit used by the State of Indiana was defective as it was sworn to before a notary public and not a magistrate as required by law. It is true that the Indiana affidavit was sworn to by the complaining witness before a notary public.

■ In *Ex parte Rosenthal*, 515 S.W.2d 114 (Tex.Cr.App.1974), this court in interpreting Article 51.13(3), Vernon's Ann.C.

C.P., held that a demand for extradition is sufficient where accompanied by either:

(1) copy of indictment, or

(2) information supported by affidavit, or

(3) copy of an affidavit made before a magistrate, together with a copy of a warrant which was issued thereupon, or

(4) copy of a judgment of conviction.

See *Ex parte Peairs*, 162 Tex.Cr.R. 243, 283 S.W.2d 755 (1955).

The instant case falls under method # 2 above. The Indiana information is supported by affidavit. Under such method, there is no requirement that the affidavit be made before a magistrate as in method # 3. Appellant's contention is without merit.

Another of appellant's grounds of error is somewhat confusing as to the real thrust of his contention. He urges the "Warrant used as a part of the State's Exhibit number one does not comply with the requirements of Article 51.13, Sect. 7 of the Texas Code of Crim.Proc., the Uniform Fugitives from Justice Act, which states:

" 'If the Governor decides that the demand should be complied with, he shall sign a warrant of arrest . . . The warrant must substantially cite the facts necessary to the validity of the issuance.' "

He then argues that the warrant fails to comply with Article 15.02(3), Vernon's Ann. C.C.P., that a warrant "must be signed by a magistrate, and his office be named in the body of the warrant or in connection with his signature."

Under authorities and argument relative to this ground of error appellant argues, however, that the Indiana information found in the supporting papers was executed before a notary public and not before a magistrate and that the warrant issued thereon is invalid since in absence of any showing to the contrary it is presumed the law of Indiana is the same as Texas. *Ex*

---

1. It is observed that an "Information Relative to Statutes of the State of Indiana" is also found in the record signed by the Prosecuting Attorney, 60th Judicial Circuit of Indiana.

*parte Krarup*, supra; *Ex parte Posey*, supra.

Needless to say it is difficult to ascertain just what appellant contends. First, we observe that the provisions of Article 51.13, supra, relative to the Governor signing a warrant of arrest for the purpose of extradition is a special statute and controls over the requirements of Article 15.02(3), supra, that a warrant of arrest must be signed by a magistrate which is defined by Article 2.09, Vernon's Ann.C. C.P., and which does not include the Governor. As to appellant's other assertion, it is observed, as noted earlier, that while the information is signed and sworn to by the complaining witness before a notary public it is also signed by the prosecuting attorney and meets the requirements of a Texas information. The oath of the complaining witness is surplusage as far as the validity of the information is concerned. Any warrant issued thereon would not be invalid for the reason urged by appellant.

As earlier noted, the court erred in refusing to set bail for the appellant, but such failure does not call for the reversal of this judgment.

The judgment is affirmed.

ROBERTS, J., concurs in the result.