**Ex Parte Ronald Terry SMITH, Applicant.**

**The STATE of Texas, ex rel. William C. WRIGHT, Applicant,**

**v.**

**Honorable David A. DUNN, et al.**

**Nos. 09–81–037 CR, 09–81–049 CR.**

Court of Appeals of Texas, Beaumont.

Oct. 21, 1981.

Louis Dugas, Orange, for appellant.

Stephen C. Howard, Asst. County Atty., Orange, for appellee.

## OPINION

KEITH, Justice.

In the first case set out above, Ronald Terry Smith appeals from a habeas corpus proceeding in which he was remanded to custody for extradition to the State of Alabama. He gave notice of appeal to this Court and the trial court admitted him to bail pending the appeal.

In the second case, the State of Texas, on relation of the County and District Attorney of Orange County, has filed an application for an original writ of mandamus to compel the trial judge to vacate the portion of his order admitting Smith to bail pending the appeal. We have consolidated the two proceedings and now affirm the trial court's judgment remanding Smith to custody for extradition to Alabama but grant the writ of mandamus to compel the vacation and setting aside of the portion of such order admitting Smith to bail pending appeal.

### 1. The Extradition Proceeding

■ The Governor's Warrant, with supporting papers, was introduced at the hearing on the application for the writ of habeas corpus. It disclosed that Smith had been convicted finally of robbery in the State of Alabama and while confined had escaped and was a fugitive from justice. The sole ground of error urged on appeal is that the supporting documents from the State of Alabama were insufficient because the same did not include nor were they accompanied by a judgment of conviction or of the sentence imposed.

Appellant contends that "[t]his case is identical to the case of *Ex parte Robbins*, 575 S.W.2d 27 (Tex.Cr.App.1978)." We disagree. In *Robbins*, Judge Dally held that the papers from the demanding state did not include an indictment, information, affidavit before a magistrate with warrant issued thereon, or a judgment or sentence. The *Robbins* Court continued:

"This Court has held that a copy of an indictment which was with the supporting papers without a judgment or sentence sufficiently complied with Art. 51.-13, Sec. 3, V.A.C.C.P. even though the fugitive had already been convicted. *Ex parte Goins*, 515 S.W.2d 918 (Tex.Cr.App. 1974). See also *Ex parte Gray*, 426 S.W.2d 241 (Tex.Cr.App.1969)."

There is an indictment contained in the papers furnished by the demanding state. *Robbins*, supra, supports the State's position and is diametrically opposed to the contentions of appellant. Ground One is without merit and is overruled.

Appellant argues several other matters in his brief, but he has no ground of error presenting such contentions. In the ordinary case [i.e., an appeal from a conviction), such contentions would not be entitled to consideration. *Art. 40.09, § 9, V.A.C.C.P.*, as amended, Vernon's Texas Session Law Service 1981, 67th Leg., Reg.Sess., Ch. 291, § 108 at 804, 807. See also, *Lacy v. State*, 450 S.W.2d 640, 641 (Tex.Cr.App.1970).

■ But, *Art. 40.09, V.A.C.C.P.*, is inapplicable to appeals in habeas corpus proceedings. Instead, *Art. 44.34, V.A.C.C.P.*, controls. *Ex parte Watson*, 455 S.W.2d 300, 302 (Tex.Cr.App.1970). Following the rationale of *Watson*, we have reviewed the contentions of appellant but find no merit therein.

The portion of the judgment of the trial court denying relief and remanding appellant to custody in the extradition proceedings is affirmed.

### 2. The Mandamus Action

The 1981 amendment to *Art. 4.03, V.A.C.C.P.*, conferred appellate but not original jurisdiction upon the Courts of Appeals. The action of the Legislature is very obvious when we look to the next article, *Art. 4.04, V.A.C.C.P.*, wherein it granted both original *and* appellate jurisdiction to the Court of Criminal Appeals. We start from our major premise that there is no statutory base for our exercise of original jurisdiction in criminal cases.[1]

It was the appellant, Smith, who first invoked the jurisdiction of this Court in his appeal from the order remanding him to custody. *Art. 44.34, V.A.C.C.P.*, as amended in 1981.

■ We invoke the fundamental rule that a court will protect its jurisdiction by preserving the subject matter of the litigation in order to make its decrees effective. See generally, *City of Dallas v. Wright*, 120 Tex. 190, 36 S.W.2d 973, 976, 77 A.L.R. 709 (1931). While we have no general power to issue writs of mandamus, we can and will issue such writs to protect and to enforce our own jurisdiction. *State, Ex Rel. Vance v. Hatten*, 508 S.W.2d 625, 628 (Tex.Cr.App. 1974).

■ We will exercise our ancillary jurisdiction and now consider the State's petition for the writ of mandamus.

### 3. The Right to Bail

■ While *Art. 44.35, V.A.C.C.P.*, has been construed to permit bail in extradition proceedings pending an appeal [*Ex parte Quinn*, 549 S.W.2d 198, 200 (Tex.Cr.App. 1977)], it has long been the rule that bail is not to be allowed to a convicted felon held in an extradition proceeding. *Ex parte Gallogly*, 138 Tex.Cr.R. 115, 134 S.W.2d 666 (1939). See also, *Ex parte Quinn*, supra (549 S.W.2d at 199).

■ We are of the opinion that the trial judge exceeded the jurisdiction conferred upon the court in granting bail to Smith in the habeas corpus proceeding.

The respondent Dunn is directed to vacate and set aside that portion of his order of August 31, 1981, wherein he admitted the applicant, Ronald Terry Smith, to bail, and he is directed to issue a capias for Smith's arrest and to perform the ministerial act of carrying out the remainder of his order of August 31, 1981.

We assume that the Honorable David A. Dunn, Judge, will comply with the orders herein set out without the necessity of the formal issuance of the writ of mandamus. Consequently, while we grant the writ, we do not order the writ to issue. If the suggested order is not obeyed, the writ will issue.

Affirmed as to appellant Smith; Writ of Mandamus granted.

---

1. In view of our disposition of the jurisdictional question in this case, we decline to base our exercise thereof upon *Tex.Rev.Civ.Stat.Ann. Art. 1823 (1964)*.