662 P.2d 642

**STATE of New Mexico, ex rel. Steven H. SCHIFF, District Attorney, Petitioner,**

v.

**Honorable W. John BRENNAN, District Judge, Respondent.**

No. 14882.

Supreme Court of New Mexico.

April 28, 1983.

Paul G. Bardacke, Atty. Gen., Carol Vigil, Asst. Atty. Gen., Sante Fe, Steven H. Schiff, Dist. Atty., Dorothy Sanchez, Stephen A. Slusher, Asst. Dist. Attys., Albuquerque, for petitioner.

Kenneth A. Hunt, Albuquerque, for respondent & real party in interest.

## OPINION

RIORDAN, Justice.

The State seeks a writ of prohibition or superintending control to review the district court's granting of bail to Rod Hopper (Hopper) after he had been arrested on a governor's extradition warrant. We find that bail should not have been granted.

The issue on appeal is whether Hopper is entitled to bail after a governor's extradition warrant has been served.

The facts set forth in the writ of prohibition are as follows. Hopper is a fugitive from the State of Wisconsin, where he was charged with the crime of theft. On Febru-

ary 16, 1983, he was arrested in New Mexico on a warrant. § 31–4–13, N.M.S.A.1978. On February 18, 1983, Hopper was released on a ten thousand dollars ($10,000.00) bond. § 31–4–16, N.M.S.A.1978. On April 4, 1983, Hopper was served with a governor's extradition warrant. § 31–4–7, N.M.S.A.1978. At that time, the State moved that Hopper be remanded to custody and be held without bond pending a hearing on a writ of habeas corpus which Hopper indicated he would file and pending his transportation to Wisconsin. The district court, however, ordered that Hopper continue to be released on bond.

The right of extradition is set forth in article IV, § 2, cl. 2 of the United States Constitution. Congress has implemented this constitutional provision in 18 U.S.C. § 3182 (1976). And, the State of New Mexico has adopted the Uniform Criminal Extradition Act (Act). §§ 31–4–1 through 31–4–31, N.M.S.A.1978 (Orig.Pamp. and Cum.Supp.1982).

The intent of the extradition clause to the United States Constitution is to enable each state to bring offenders to trial as swiftly as possible in the state where the alleged offense occurred. *Bazaldua v. Hanrahan,* 92 N.M. 596, 592 P.2d 512 (1979). The purpose of the clause is to prevent any state from becoming a sanctuary for fugitives from justice of another state. *Id.*

Under the Act, bail is allowed during the period *before* a governor's extradition warrant has been served. § 31–4–16. However, there is no provision for bail *after* an arrest on a governor's extradition warrant. Although New Mexico has not had occasion to interpret whether bail is accorded after a governor's extradition warrant, a number of states have decided this issue.

The majority rule is that there is *no* right to bail after an arrest on a governor's extradition warrant. *State v. Jacobson,* 22 Ariz.App. 260, 526 P.2d 784 (1974); *Deas v. Weinshienk,* 188 Colo. 17, 533 P.2d 496 (1975); *Grano v. State,* 257 A.2d 768 (Del.

1969); *Buchanan v. State,* 166 So.2d 596 (Fla.Dist.Ct.App.1964); *State v. Second Judicial Dist. Ct., County of Washoe,* 86 Nev. 531, 471 P.2d 224 (1970), *cert. denied,* 401 U.S. 910, 91 S.Ct. 874, 27 L.Ed.2d 809 (1971); *State v. Pritchett,* 12 Wash.App. 673, 530 P.2d 1348 (1975); *see* New Mexico's Att'y Gen.Op., No. 74–38 (1974).

A minority of the states allow bail to be set after an arrest on a governor's extradition warrant. *Winnick v. Reilly,* 100 Conn. 291, 123 A. 440 (1924); *Application of Haney,* 77 Idaho 166, 289 P.2d 945 (1955). However, we decline to follow the minority view and accept the majority view.

The rationale for accepting the majority view is that:

> [B]ecause the fugitive is being held for another state he should be readily availa-ble to be turned over to those who arrive to return him.

*Deas v. Weinshienk, supra,* 188 Colo. at 19, 533 P.2d at 497. Also:

> Denial of bail pending extradition is based on the presumption that the detainee will be promptly extradited and provided his legal right to bail in the demanding state.

*Meechaicum v. Fountain,* 696 F.2d 790, 792 (10th Cir.1983).

Therefore, the writ of prohibition is granted and made permanent. The trial court is prohibited from allowing Hopper bail after a governor's extradition warrant has been served.

IT IS SO ORDERED.

PAYNE, C.J., and FEDERICI, J., concur.