**Order entered June 10, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-00181-CR**

**EX PARTE NORMAN JOSEPH LANDRY**

**On Appeal from the 380th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 380-00932-2022**

**ORDER**

We **REINSTATE** the appeal.

On April 27, 2022, the Court abated this appeal after receiving a letter from appellant's appointed counsel reporting that appellant had stated his desire to waive his objection to his pending extradition to the State of Rhode Island and withdraw his appeal. On April 28, 2022, the trial court conducted an evidentiary hearing on the matter.

During the evidentiary hearing, appellant informed the trial court that he had changed his mind about withdrawing his appeal. Instead, appellant asked the trial court to discharge appointed counsel and for permission to represent himself.

Appellant also asked the trial court to set a bond for him pursuant to article 44.35 of the code of criminal procedure "allowing me to go back to Rhode Island on my own volition."

The trial court denied appellant bail, but it did indicate that if he waived extradition and Rhode Island authorities did not come for him within ten days, the trial court would reconsider the matter of a bond. After advising appellant of the dangers and disadvantages of self-representation and questioning him about his age, education, background, experience with the law, and mental health, the trial court granted appellant the right to represent himself and discharged counsel.

On the record, the trial court stated that it was having appellant sign a written waiver of counsel the trial court would file with the appellate court as a supplemental clerk's record. To date, the supplemental clerk's record has not been filed.

Accordingly, we **ORDER** the Collin County District Clerk to file, within **TEN DAYS** of the date of this order, either a supplemental clerk's record containing appellant's written waiver of his right to appointed counsel or a letter stating no such document has been filed with the district clerk in this case.

Appellant does not have a constitutional right to self-representation on appeal. *See Martinez v. Court of Appeal of Cal. Fourth Appellate Dist.*, 528 U.S. 152, 163–64 (2000); *Scheanette v. State*, 144 S.W.3d 503, 505 n.2 (Tex. Crim.

App. 2004). We may, however, exercise our discretion to allow appellant to represent himself provided he makes a timely request and the request does not delay the orderly procedure of the courts or interfere with the fair administration of justice. *See Crawford v. State*, 136 S.W.3d 417, 418 (Tex. App.—Corpus Christi-Edinburg 2004) (per curiam order).

In light of the trial court's ruling discharging counsel and permitting appellant to represent himself, the Court **GRANTS** appellant's April 20, 2022 pro se motion to release Mitchell Nolte as his attorney and pro se notice of appearance. The Court **DIRECTS** the Clerk of the Court to **REMOVE** Mitchell Nolte as counsel for appellant. All future correspondence should be sent to Norman Joseph Landry; SO # 387026; c/o Collin County Sheriff's Department; 4300 Community Avenue; McKinney, Texas 75071.

The Court also has before it multiple motions appellant has filed pro se both before and after the trial court discharged counsel. The Court **DENIES** appellant's April 25, 2022 motion for reconsideration of denied motions.

The record does not contain an express finding that appellant is an indigent. Nevertheless, appellant testified at the April 28, 2022 hearing that he has no money or property, he was represented by appointed counsel, and Collin County has treated him as an indigent. Accordingly, the Court will **GRANT** appellant's May

20, 2022 motion to waive the filing fee for his brief and amended brief and May 24, 2022 motion to waive the filing fee for his reply brief.

The Court **ORDERS** filed as of the date they were received by the Clerk: (1) appellant's pro se amended brief, received by the Clerk on May 20, 2022; (2) appellant's pro se reply brief, received by the Clerk on May 24, 2022; and (3) the State's brief, received by the Clerk on May 6, 2022. The Court will not consider any further briefing from the parties. *See* TEX. R. APP. P. 31.1(b).

Appellant has filed a May 20, 2022 motion for a personal recognizance bond. Appellant is entitled to the setting of a bond pending resolution of his appeal. *See Ex parte Quinn*, 549 S.W.2d 198, 200 (Tex. Crim. App. 1977). The record shows appellant requested the trial court set a bond for him and the trial court concluded he should be held without bond. Because appellant is entitled to have a bond set, the trial court erred in ordering appellant held without bond. *See id.*

In setting bail pending appeal, the trial court considers the usual factors in assessing reasonable bail as set forth in article 17.15 of the code of criminal procedure. *See* TEX. CODE CRIM. PROC. art. 17.15. In setting a reasonable bail for appellant, the trial court may consider that appellant is a fugitive from justice from the State of Rhode Island, and it may assess the likelihood that appellant would appear voluntarily for extradition if his appeal is decided against him. *See, e.g.*, *Ex parte Baugh*, No. 12-08-00367-CR, 2009 WL 387103, at *3 (Tex. App.—Tyler

Feb. 18, 2009, no pet.) (mem. op., not designated for publication) (concluding $500,000 bond was not excessive for extradition appeal bond for indigent appellant who was fugitive from justice and unlikely to appeal voluntarily for extradition).

Because appellant is not entitled to a personal recognizance bond, but is entitled to have bail set consistent with the factors set forth in article 17.15, which may include being released on his personal recognizance if appropriate, we **DENY** appellant's May 20, 2022 motion seeking a personal recognizance bond. Instead, we **GRANT IN PART** appellant's April 20, 2022 motion for bond pending appeal and **ORDER** the trial court, within **THIRTY DAYS** of the date of this order, to conduct a hearing and set reasonable bail for appellant pending resolution of the appeal.

We **ABATE** the appeal to allow the trial court to conduct the hearing and set reasonable bail. The appeal will be reinstated upon the earliest occurrence of the following: (1) when a supplemental clerk's record or supplemental reporter's record is filed showing the trial court has set bail for appellant; (2) upon the passage of thirty days; or (3) when the Court deems it necessary or proper to reinstate the appeal.

Upon reinstatement of the appeal, the Court will set this case for submission on the existing briefing and record.

To the extent that this order does not cover any other pending motions, such motions are **DENIED**.

We **DIRECT** the Clerk of the Court to transmit copies of this order, by electronic transmission, to the Honorable Benjamin N. Smith, Presiding Judge, 380th Judicial District Court; to Mitchell Nolte, former counsel for appellant; and to Lisa Braxton, Collin County assistant district attorney.

We further **DIRECT** the Clerk of the Court to mail a copy of this order, by first class mail, to Norman Joseph Landry, SO# 387026, c/o Collin County Sheriff's Department, 4300 Community Avenue, McKinney, Texas 75071.

/s/    BILL PEDERSEN, III
JUSTICE